**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 17, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

        Plaintiff-Appellee,

v.

TRACY MCARTHUR HARRIS,

        Defendant-Appellant.

No. 12-2191
(D.C. Nos. 1:12-CV-00950-WJ-LFG &
1:06-CR-01023-WJ-1)
(D. N.M.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **GORSUCH**, **EBEL**, and **HOLMES**, Circuit Judges.

Tracy McArthur Harris, a federal prisoner, appeals the district court's

dismissal of his motion to vacate his sentence as an unauthorized second or

successive 28 U.S.C. § 2255 motion. We deny a certificate of appealability ("COA")

and dismiss this proceeding.

In 2007, Mr. Harris was sentenced to 140 months' imprisonment for drug

trafficking offenses after reaching a plea agreement. In 2008, he filed his first § 2255

motion challenging his sentence by arguing that he received ineffective assistance of

counsel in violation of the Sixth Amendment during plea negotiations. The district

_____

[*]    This order is not binding precedent except under the doctrines of law of the
case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

court denied those claims. Mr. Harris then filed his second § 2255 motion in 2012, asserting nearly identical claims as his 2008 motion. The district court concluded that Mr. Harris was asserting unauthorized second or successive § 2255 claims and dismissed the motion for lack of jurisdiction. *See* 28 U.S.C. § 2255(h) (restricting second or successive § 2255 motions); *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) (per curiam) (noting that district courts lack jurisdiction to decide second or successive § 2255 claims without authorization from this court). The court also denied both a COA and leave to proceed on appeal without prepayment of costs and fees.

Mr. Harris now seeks a COA from this court. To obtain one, he must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

When presented with an unauthorized second or successive claim, "the district court may transfer the matter to this court if it determines it is in the interest of justice to do so under [28 U.S.C.] § 1631, or it may dismiss the motion or petition for lack of jurisdiction." *Cline*, 531 F.3d at 1252. In this case, the district court dismissed Mr. Harris' motion after the court determined it was essentially a duplicate of his first motion that was already denied. No reasonable jurist could debate that the district court was correct in its ruling.

Accordingly, we deny a COA and dismiss this matter.  We also deny

Mr. Harris' motion to proceed on appeal without prepayment of costs or fees.

Entered for the Court

ELISABETH A. SHUMAKER, Clerk