FILED
United States Court of Appeals
Tenth Circuit

February 4, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

 Plaintiff-Appellee,

v.

AARON EUGENE COPELAND,

 Defendant-Appellant,

No. 12-5149
(D.C. Nos. 4:12-CV-00101-CVE-TLW
and 4:08-CR-00137-CVE-1)
(N.D. Okla.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **MURPHY**, **EBEL** and **HARTZ**, Circuit Judges.

 Defendant-Appellant Aaron Eugene Copeland, a federal prisoner proceeding pro se, seeks a certificate of appealability ("COA"), see 28 U.S.C. § 2253(c), in order to appeal the denial of his 28 U.S.C. § 2255 motion to vacate, set aside, or modify his sentence. Copeland pled guilty in the United States District Court for the Northern District of Oklahoma to being a felon in possession of a firearm. He was sentenced to 180 months of imprisonment, and the court entered a judgment and commitment on December 9, 2008. Copeland did not file a direct appeal of his conviction.

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Copeland filed the instant § 2255 motion on February 27, 2012. In his § 2255 motion, Copeland contends that his Due Process rights were violated because he was actually innocent of the charge to which he pled guilty. Copeland filed his motion after he discovered that "the officers in [his] case" had been indicted "for stealing money and selling drugs as well as a plethora of other illegal[]activities" in unrelated matters. Aplt. App. at 24. Copeland alleges that although he "maintained [his] innocence throughout the entire ordeal," he pled guilty at the behest of his lawyer, who was concerned that the officers' testimony would be perceived as more credible than Copeland's. Id.

Copeland is entitled to a COA "only if [he] has made a substantial showing of the denial of a constitutional right." See 28 U.S.C. 2253(c)(2). Because the district court denied Copeland's habeas petition on a procedural ground without reaching Copeland's underlying constitutional claim, we will issue a COA if Copeland shows, "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Copeland has failed to make such a showing.

The Anti-Terrorism and Effective Death Penalty Act ("AEDPA") establishes a one-year limitations period within which § 2255 movants like Copeland must file. The one-year limitations period ordinarily runs from the date on which the judgment of conviction becomes final. See 28 U.S.C. § 2255(f)(1). However, the limitations period will run from "the date on which the facts supporting the claim or claims presented could

2

have been discovered through the exercise of due diligence" if that date is later than the date on which the judgment of conviction becomes final. See 28 U.S.C. § 2255(f)(4). Because Copeland's conviction became final on December 23, 2008, his petition is time-barred unless he can show that he could not have discovered the facts supporting his claim of innocence through the exercise of due diligence by February 27, 2011, which is one year before Copeland filed the instant § 2255 motion.

Copeland argues that he has made this showing because (1) he filed his petition only twenty months after his arresting officer's indictment was first unsealed in June 2010; and (2) he could not have independently discovered details about the indictment any sooner than when he learned of it from another prisoner in June 2011, because he was incarcerated in Arkansas and had no ties to Tulsa, Oklahoma, where the officer's indictment was the subject of an article in the paper in June 2010.

We conclude for substantially the same reasons articulated by the district court that Copeland has failed to show that he could not have discovered his arresting officer's indictment through the exercise of due diligence by February 27, 2011. We agree with the court that "[a] person exercising due diligence would have learned well before February 27, 2011 of [the officers'] alleged wrongful conduct, particularly if that person were actually searching for evidence to prove his innocence." Dist. Ct. Op. at 9.

Copeland counters that "whether [his petition] is [procedurally] barred" is "not an issue," because "he is claiming actual innocence." Aplt. App. at 51. It is "well established that if a defendant can adduce new evidence in post-conviction proceedings

3

showing that constitutional error 'probably' resulted in the conviction of one who was actually innocent, the court may reach the merits of otherwise defaulted claims." United States v. Cervini, 379 F.3d 987, 991 (10th Cir. 2004) (internal quotation marks and citations omitted) (quoting Schlup v. Delo, 513 U.S. 298, 322 (1995)).

We conclude that the new evidence Copeland identifies—that his arresting officers were subsequently indicted for stealing money, selling drugs, and other illegal activities in unrelated matters—does not satisfy Schlup's arduous requirement that Copeland show that "it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." Schlup, 513 U.S. at 327. At best, Copeland's evidence diminishes the officers' overall credibility; it does not rise to the level of evidence contemplated by the Court in Schlup, which included "exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence." See id. at 324; Munchinski v. Wilson, 694 F.3d 308, 338 (3d Cir. 2012) ("[M]ere impeachment evidence is generally not sufficient to satisfy the Schlup standard."). Cf. Sawyer v. Whitley, 505 U.S. 333, 349, (1992) ([L]atter-day evidence brought forward to impeach a prosecution witness will seldom, if ever, make a clear and convincing showing that no reasonable juror would have believed the heart of [the prosecution's] account of petitioner's actions.").

We therefore DENY Copeland a COA and DISMISS this appeal.


ENTERED FOR THE COURT


David M. Ebel
Circuit Judge