FILED
United States Court of Appeals
Tenth Circuit

November 8, 2013

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

AARON EUGENE COPELAND,

Defendant-Appellant.

No. 13-5111
(D.C. Nos. 4:08-CR-00137-CVE-1 &
4:12-CV-00101-CVE-TLW and
4:13-CV-00479-CVE-FHM)
(N.D. Okla.)

ORDER DENYING CERTIFICATE OF APPEALABILITY[*]

Before **KELLY**, **HARTZ**, and **HOLMES**, Circuit Judges.

Aaron Eugene Copeland, a federal prisoner proceeding pro se, seeks a

certificate of appealability (COA) to appeal the district court's decision dismissing

for lack of jurisdiction his second motion for relief under 28 U.S.C. § 2255. We deny

a COA and dismiss this matter.

In 2008, Mr. Copeland pleaded guilty to being a felon in possession of a

firearm. Because of his prior convictions, he was sentenced pursuant to the Armed

Career Criminal Act (ACCA) to the mandatory minimum sentence of 180 months'

imprisonment. He did not file a direct appeal. In February 2012, he filed a § 2255

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

motion to vacate, set aside or correct his sentence. The district court dismissed the motion because it was filed outside of the one-year statute of limitations, and we denied his request for a COA. *See United States v. Copeland*, 509 F. App'x 760, 761-62 (10th Cir.), *cert. denied*, 82 U.S.L.W. 3186 (U.S. Oct. 7, 2013) (No. 13-5182).

In July 2013, Mr. Copeland filed a second § 2255 motion. The district court concluded that this motion was an unauthorized second or successive § 2255 motion and dismissed it for lack of jurisdiction. Mr. Copeland now seeks a COA to appeal from that decision.

To obtain a COA, Mr. Copeland must show that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). A prisoner may not file a second or successive § 2255 motion unless he first obtains an order from the circuit court authorizing the district court to consider the motion. 28 U.S.C. § 2244(b)(3)(A); *id*. § 2255(h). Absent such authorization, a district court lacks jurisdiction to address the merits of a second or successive § 2255 motion. *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) (per curiam).

In his second § 2255 motion, Mr. Copeland argued that one of the predicate convictions for sentencing him under the ACCA was invalid, citing to a recent Supreme Court decision, *Descamps v. United States*, 133 S. Ct. 2276 (2013). He also asserted that he timely filed his motion within one year of the *Descamps* decision as

required by § 2255(f)(3).  That section permits a first § 2255 motion to be considered timely, if it is filed within one year of a Supreme Court decision that creates a newly recognizable right made retroactively applicable to cases on collateral review. 28 U.S.C. § 2255(f)(3).

As the district court correctly explained, however, Mr. Copeland had already filed one § 2255 motion and he was therefore obligated to comply with the requirements in § 2255(h) for filing a second or successive § 2255 motion.  Because Mr. Copeland had not obtained the proper authorization from this court, the district court properly determined that it lacked jurisdiction to consider the second or successive § 2255 motion.

Reasonable jurists could not debate that the district court was correct in its procedural ruling to dismiss Mr. Copeland's second § 2255 motion for lack of jurisdiction.  Accordingly, we deny a COA and dismiss this matter.  We grant Mr. Copeland's motion for leave to proceed on appeal without prepayment of costs or fees.

Entered for the Court

ELISABETH A. SHUMAKER, Clerk

- 3 -