**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 23, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

DARYL A. HESS,

   Petitioner-Appellant,

v.

ANITA TRAMMELL, Warden,

   Respondent-Appellee.

Nos. 13-5091, 13-5092 & 13-5093
(D.C. Nos. 4:10-CV-00435-GKF- TLW,
4:10-CV-00462-CVE-FHM &
4:10-CV-00517-CVE-FHM)
(N.D. Okla.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **HARTZ**, **O'BRIEN**, and **GORSUCH**, Circuit Judges.

   Daryl Hess seeks release from the Oklahoma prison where he is serving

sentences for three armed robbery convictions. He argues his convictions are

attributable to ineffective assistance from his trial and appellate attorneys and

various other constitutional violations besides. The district court thoroughly

addressed those arguments in three separate opinions and concluded that they

didn't meet the requirements for habeas relief under 28 U.S.C. § 2254. The

district court also denied Mr. Hess's three separate requests for a certificate of

---

   [*] This order is not binding precedent except under the doctrines of law of
the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

appealability (COA).  He now requests them from us so that he may pursue his challenges to the district court's rulings.  Separately, he asks us to find fault with the district court's decisions refusing to appoint counsel for him in these habeas proceedings and to reconsider our own refusal to appoint counsel on appeal.

Mr. Hess is entitled to a COA only if he makes a "substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  And he can do that only by showing that reasonable jurists could debate (or agree on) a different resolution of the habeas petition or the merit of further proceedings.  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Having fully considered all of his many arguments, we agree with the district court that he hasn't met this standard.

The first constitutional right Mr. Hess says he was denied is his due process right not to plead guilty while incompetent.  To enter a guilty plea competently, a criminal defendant must have a rational understanding of the proceedings against him and the ability to consult with his attorney.  *Allen v. Mullin*, 368 F.3d 1220, 1238-39 (10th Cir. 2004).  The record here contains no evidence suggesting this standard wasn't met.  Mr. Hess says he suffers from a mental illness and this precluded him from entering a rational guilty plea.  Even assuming he does suffer from some mental infirmity, however, this court has held a defendant's mental illness — standing alone, without more — doesn't necessarily prove he pleaded guilty without adequate understanding.  *Gonzales v. Tafoya*, 515 F.3d 1097, 1118 (10th Cir. 2008).  Neither can we agree with Mr. Hess that he has presented

anything more in this case. The plea colloquy was thorough, inquired into mental health questions and Mr. Hess's ability to consult with counsel about potential lines of defense and alternatives to his guilty plea. In a prior trial, he was found competent to stand trial. Simply put, there's nothing in this record to raise doubts that Mr. Hess was legally competent at the time of his plea. Because the record raises no such doubts, the district court's denial of an evidentiary hearing on the issue was not an error either. *See Cullen v. Pinholster*, 131 S. Ct. 1388, 1399 (2011) ("[W]hen the state-court record 'precludes habeas relief' under the limitations of § 2254(d), a district court is 'not required to hold an evidentiary hearing.'" (quoting *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007))).

Mr. Hess also argues that his attorneys provided ineffective assistance. To prevail on this claim, a petitioner must demonstrate that his attorney's performance was deficient and that the deficiency was prejudicial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). After our own independent review of the record, we agree with the district court that reasonable jurists couldn't debate whether these requirements are met in this case.

Many of Mr. Hess's arguments fail to identify any constitutional deficiency in his attorneys' conduct. For example, he claims his trial counsel and one of his alleged victims were friends, but there is no indication that's true other than Mr. Hess's post-conviction insistence that his attorney once told him so. To the contrary, the trial transcript reveals that Mr. Hess's attorney and the alleged

- 3 -

victim recognized each other simply because the latter had previously worked in the courthouse as a bailiff. Other of Mr. Hess's ineffective assistance arguments fail under the second *Strickland* requirement: they don't demonstrate a reasonable probability of a different outcome for Mr. Hess even assuming they identify genuine errors. Consider trial counsel's purported error in not objecting to the prosecutor's commentaries on Mr. Hess's neck tattoo and what it might suggest about his personality. In view of the considerable evidence of guilt before the jury, it isn't plausible that the outcome of the trial turned on the silence of his attorney during the prosecutor's remarks.

The district court found that a number of Mr. Hess's arguments were procedurally barred because he hadn't made them on direct appeal from his convictions. He responds by faulting an ineffective appellate counsel for choosing not to do so. Because we, like the district court, find neither of his attorneys constitutionally ineffective, we cannot agree (as we would have to) that the district court's procedural ruling was debatably incorrect. *See Slack*, 529 U.S. at 484. Neither can we issue a COA because the district court erroneously barred his ineffective assistance of counsel claims — because the district court *didn't* bar those claims.

In sum, neither these nor Mr. Hess's other arguments convince us that the district court's denial of his habeas petitions was debatably incorrect or that the issues he raises merit further proceedings. We also find no error in the district

- 4 -

court's decision not to appoint counsel, which was within its sound discretion here. *See Engberg v. Wyoming*, 265 F.3d 1109, 1122 (10th Cir. 2001). And we likewise deny his motions to reconsider our own decisions not to appoint counsel on appeal. Mr. Hess's COA applications are denied and these appeals are dismissed.

ENTERED FOR THE COURT


Neil M. Gorsuch
Circuit Judge