FILED
United States Court of Appeals
Tenth Circuit

September 12, 2024

Christopher M. Wolpert
Clerk of Court

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

_____

DARYL A. HESS,

    Petitioner - Appellant,

v.

CHRISTE QUICK, Warden,

    Respondent - Appellee.

No. 24-5064
(D.C. No. 4:10-CV-00517-CVE-FHM)
(N.D. Okla.)

_____

## ORDER DENYING CERTIFICATE OF APPEALABILITY[*]
_____

Before **McHUGH**, **EBEL**, and **KELLY**, Circuit Judges.
_____

Daryl A. Hess, an Oklahoma prisoner proceeding pro se,[1] seeks a certificate of

appealability (COA) to appeal from the district court's determination that his recent filing

was an unauthorized second or successive 28 U.S.C. § 2254 habeas application that it

lacked jurisdiction to consider. We deny a COA and dismiss this matter.

An Oklahoma jury found Mr. Hess guilty of robbery with a dangerous weapon

after his former conviction of two or more felonies. After the Oklahoma Court of

Criminal Appeals affirmed his conviction, Mr. Hess unsuccessfully pursued a federal

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because Mr. Hess represents himself, we construe his filings liberally. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

habeas application under § 2254. *See Hess v. Trammell*, 535 F. App'x 765 (10th Cir. 2013). To commence this case, he recently filed a "Motion to Reopen Case Fed. R. Civ. P. 59(e); Rule 60(b) Memorandum and/or Motion to Relate back to Original Petition." R. at 169. The district court determined that Mr. Hess's filing was an unauthorized second or successive § 2254 application and dismissed it. He now seeks to appeal the dismissal.

To appeal, Mr. Hess must first obtain a COA. *See* 28 U.S.C. § 2253(c)(1)(A). And to obtain a COA, he must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Mr. Hess has not satisfied this standard.

A district court lacks jurisdiction over the merits of an unauthorized second or successive § 2254 application. *See In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) (per curiam). The district court determined that it lacked jurisdiction to consider Mr. Hess's filing because it was a second or successive § 2254 application and this court had not authorized it. Reasonable jurists could not debate the correctness of the district court's procedural ruling.

Accordingly, we deny Mr. Hess's application for a COA and dismiss this matter.

We deny as moot Mr. Hess's Motion to Withdraw Appeal Without Prejudice.

Entered for the Court

CHRISTOPHER M. WOLPERT, Clerk