FILED
United States Court of Appeals
Tenth Circuit

October 1, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

v.

WALTER JAMES JENKINS,

        Defendant - Appellant.

No. 14-1273
(D.C. Nos. 1:14-CV-01671-JLK &
1:99-CR-00439-JLK-1)
(D. Colo.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **KELLY**, **LUCERO**, and **McHUGH**, Circuit Judges.

Walter James Jenkins, a federal prisoner proceeding pro se, seeks a certificate

of appealability (COA) to appeal the district court's decision dismissing for lack of

jurisdiction his motion for relief under 28 U.S.C. § 2255. We deny a COA and

dismiss this matter.

In 2001, Mr. Jenkins was convicted of two counts of conspiracy to distribute

and possession with intent to distribute 50 grams or more of cocaine base. He was

also convicted of two related firearms charges. He was sentenced to 360 months'

imprisonment on the drug convictions, to be served concurrently, and then 60 months

---

[*]     This order is not binding precedent except under the doctrines of law of the
case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

and 300 months on the firearms charges, to be served consecutively to all other sentences. He filed an appeal, and we affirmed his convictions and sentences. *See United States v. Jenkins*, 313 F.3d 549, 560 (10th Cir. 2002).

In 2004, he filed his first § 2255 motion to vacate, set aside or correct his sentence. The district court denied the motion. *See* R. at 31. In 2006, Mr. Jenkins sought authorization to file a second or successive § 2255 motion, but we denied his request. *See id.* In 2007, we dismissed as untimely his appeal from the district court's 2005 order denying his § 2255 motion. *Id.*

In June of this year, Mr. Jenkins filed a second § 2255 motion, even though we had not given him authorization to do so. The district court concluded that this motion was an unauthorized second or successive § 2255 motion and dismissed it for lack of jurisdiction. He now seeks a COA to appeal from that decision.

To obtain a COA, Mr. Jenkins must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because both of these elements must be shown, the court may address them in whatever sequence is convenient. *See id.* at 485.

The procedural ruling is dispositive in this matter. A prisoner may not file a second or successive § 2255 motion unless he first obtains an order from the circuit court authorizing the district court to consider the motion. *See* 28 U.S.C.

§§ 2244(b)(3)(A), 2255(h).  In the absence of such authorization, a district court lacks jurisdiction to address the merits of a second or successive § 2255 motion. *See In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) (per curiam).

Mr. Jenkins does not dispute that he filed a second § 2255 motion without authorization from this court.  Instead he argues that the district court abused its discretion by not transferring the petition to this court and improperly considered the merits of his claims.  We disagree.

"When a second or successive § 2254 or § 2255 claim is filed in the district court without the required authorization from this court, the district court may transfer the matter to this court if it determines it is in the interest of justice to do so under § 1631, or it may dismiss the motion or petition for lack of jurisdiction." *Cline*, 531 F.3d at 1252.  In determining whether a transfer would be in the interests of justice, the district court may consider whether the claim "is likely to have merit." *Id*. at 1251.  Here, the district court concluded that the circumstances did not warrant a transfer because neither of the Supreme Court cases Mr. Jenkins cited in support of his successive claims satisfied the criteria for authorization in 28 U.S.C. § 2255(h)(2).  We explained in *Cline* that when a successive matter fails on its face to satisfy the authorization criteria and "there is no risk that a meritorious successive claim will be lost absent a § 1631 transfer, a district court does not abuse its discretion if it concludes it is not in the interest of justice to transfer the matter to this court for authorization."  531 F.3d at 1252.

Reasonable jurists could not debate that the district court was correct in its procedural ruling to dismiss Mr. Jenkins's second § 2255 motion for lack of jurisdiction. Accordingly, we deny a COA and dismiss this matter. We grant Mr. Jenkins's motion for leave to proceed without prepayment of costs or fees.

Entered for the Court

ELISABETH A. SHUMAKER, Clerk