FILED
United States Court of Appeals
Tenth Circuit

May 21, 2015

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

CLARENCE E. HASSLER,

   Petitioner - Appellant,

v.

MICHAEL MILLER, Warden; THE
ATTORNEY GENERAL OF THE
STATE OF COLORADO,

   Respondents - Appellees.

No. 15-1082
(D.C. No. 1:15-CV-00240-LTB)
(D. Colo.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **KELLY**, **BACHARACH**, and **PHILLIPS**, Circuit Judges.

Clarence E. Hassler, a Colorado prisoner proceeding pro se, seeks a certificate

of appealability (COA) to appeal the district court's dismissal of his second

28 U.S.C. § 2254 application for lack of jurisdiction. We deny a COA and dismiss

this matter.

In 1994, Mr. Hassler pleaded guilty to sexual assault on a child by one in a

position of trust and was sentenced to eight years' probation. He violated his

---

[*]  This order is not binding precedent except under the doctrines of law of the
case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

probation twice and was convicted of a new instance of the same offense. His probation was revoked and he was sentenced to thirty years in prison.

After unsuccessfully seeking state post-conviction relief, Mr. Hassler filed his first § 2254 application in 2008, challenging his sentence. The district court dismissed the application as time-barred. This court denied a COA and dismissed his appeal. *Hassler v. Smelser*, No. 08-1388, 2009 WL 323075, at *2 (10th Cir. Feb. 10, 2009) (unpublished).

Earlier this year, Mr. Hassler filed a second § 2254 application, again challenging his sentence. The district court determined that the filing was an unauthorized second or successive application. The court found, for several reasons, that it was not in the interest of justice to transfer the application to this court: (1) Mr. Hassler did not show that his claim was based on a new rule of constitutional law or on newly discovered evidence as defined in 28 U.S.C. § 2244(b)(2); (2) his challenge to his sentence was time-barred; (3) there is no indication that the claim he seeks to raise has merit; and (4) it was clear when the application was filed that the court had no jurisdiction over it. Accordingly, the court dismissed for lack of jurisdiction and denied a COA.

Mr. Hassler now seeks a COA from us. He continues to assert that his sentence is void because the county court judge who sentenced him to imprisonment lacked jurisdiction to sit as a district court judge and impose the sentence.

A COA is a jurisdictional prerequisite to our review of the district court's decision. *See Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). We will issue a COA "only if [Mr. Hassler] has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Because the district court denied his application on procedural grounds, we will grant a COA only if he "shows, at least, that jurists of reason would find it debatable whether the [application] states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Mr. Hassler has failed to make this showing. He may not file a second or successive § 2254 application in the district court unless he first obtains our authorization to do so. *See* 28 U.S.C. § 2244(b)(3)(A). Because he did not obtain our authorization, the district court correctly found that it lacked jurisdiction to consider the merits of the § 2254 application and appropriately dismissed it for lack of jurisdiction. *See In re Cline*, 531 F.3d 1249, 1251-52 (10th Cir. 2008) (per curiam) (explaining that district court has discretion to transfer unauthorized application if it is in the interest of justice to do so or may dismiss for lack of jurisdiction). We therefore conclude that it is not debatable that the district court was correct in its procedural ruling.

Accordingly, we deny Mr. Hassler's application for a COA. We grant his motion for leave to proceed in forma pauperis. This matter is dismissed.

Entered for the Court

ELISABETH A. SHUMAKER, Clerk