FILED
United States Court of Appeals
Tenth Circuit

May 22, 2015

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

v.

HERIBERTO GARCIA-RODRIGUEZ,

        Defendant - Appellant.

No. 15-8003
(D.C. Nos. 2:03-CR-00061-WFD-1 &
1:14-CV-00183-NDF)
(D. Wyo.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY AND
MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS[*]**

Before **LUCERO**, **HOLMES**, and **MATHESON**, Circuit Judges.

Heriberto Garcia-Rodriguez, a federal prisoner proceeding pro se, seeks a

certificate of appealability (COA) to appeal the district court's dismissal of his third

motion attacking his sentence under 28 U.S.C. § 2255 for lack of jurisdiction. He

also seeks leave to proceed in this court in forma pauperis (IFP). Exercising

jurisdiction under 28 U.S.C. §§ 1291 and 2253(a), we deny Mr. Garcia-Rodriguez a

COA and dismiss the appeal. We also deny his motion to proceed IFP.

---

[*]    This order is not binding precedent except under the doctrines of law of the
case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

The district court thoroughly reviewed Mr. Garcia-Rodriguez's January 2004 conviction, his mandatory life sentence, and his two prior § 2255 motions. *See* D.C. Doc. 7, at 1-3. The court also thoroughly explained why his current § 2255 motion was successive and why the court lacked jurisdiction to consider it without this court's prior authorization. *Id.* at 3-5. The court declined to transfer the motion to this court for authorization because Mr. Garcia-Rodriguez failed to meet either of the statutory tests for authorization. *Id.* at 5-7. The court therefore dismissed the motion for lack of jurisdiction. *See id.* at 7.

A COA is a jurisdictional prerequisite to our review of the district court's decision. *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). We will issue a COA "only if [Mr. Garcia-Rodriguez] has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Because the district court denied his § 2255 motion on procedural grounds, we will grant a COA only if the district court's procedural ruling is reasonably debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). We conclude that it is not debatable for the reasons thoroughly explained by the district court. In his current request for a COA, Mr. Garcia-Rodriguez does not provide a basis for granting a COA.

"A district court does not have jurisdiction to address the merits of a second or successive § 2255 . . . claim until this court has granted the required authorization." *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) (per curiam). When presented with an unauthorized second or successive application, the district court has the option to

transfer the application to this court if a transfer is in the interest of justice or dismiss it for lack of jurisdiction. *Id.* at 1252. The district court decided to dismiss, clearly explaining why. Nothing before us indicates that any reasonable jurist would disagree with that decision.

Accordingly, we deny Mr. Garcia-Rodriguez's application for a COA and dismiss this appeal. We deny his motion to proceed IFP.

Entered for the Court

ELISABETH A. SHUMAKER, Clerk