**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 13, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

CHRISTOPHER M. TENDERHOLT,

    Defendant - Appellant.

No. 16-8088
(D.C. Nos. 2:16-CV-00207-SWS &
2:04-CR-00059-CAB-1)
(D. Wyo.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **HARTZ**, **BACHARACH**, and **MORITZ**, Circuit Judges.
_____

    Christopher M. Tenderholt is serving a 250-month prison sentence for possession of a firearm by a felon. He recently filed his second motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. But because Tenderholt did not have authorization to file a second or successive § 2255 motion, the district court dismissed it for lack of jurisdiction. Tenderholt now seeks a Certificate of Appealability (COA) in order to appeal the district court's ruling. For the following reasons, we deny his request and dismiss this matter.

    Tenderholt cannot appeal the dismissal of his § 2255 motion without first obtaining a COA. *See* 28 U.S.C. § 2253(c)(1)(B). Because the district court dismissed

_____

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

his motion on procedural grounds, we will grant a COA only if Tenderholt shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

No reasonable jurist would debate the correctness of the district court's ruling. A second or successive § 2255 motion must be certified by a panel of this court. *See* § 2255(h). Without such authorization, "[a] district court does not have jurisdiction to address the merits of a second or successive § 2255 . . . claim." *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008). There is no dispute this was Tenderholt's second § 2255 motion and he did not have this court's authorization to file it. The district court rightly dismissed Tenderholt's motion for lack of jurisdiction.

We deny Tenderholt's application for a COA and dismiss this matter. If Tenderholt wishes to seek authorization to file a second or successive § 2255 motion, we remind him that any such request must comply with the requirements of § 2255(h).

We grant Tenderholt's motion to proceed on appeal without prepayment of fees. But because we can excuse only *prepayment* of fees, *see* 28 U.S.C. § 1915(a)(1), he remains obligated to pay all fees to the clerk of the district court.

Entered for the Court

ELISABETH A. SHUMAKER, Clerk