**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

BOBBY JOE BROWN, JR.,

    Defendant - Appellant.

No. 17-7020
(D.C. Nos. 6:17-CV-00032-RAW,
6:13-CR-00005-RAW-1 &
6:15-CV-00483-RAW)
(E.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **HOLMES**, **MATHESON**, and **McHUGH**, Circuit Judges.
_____

Bobby Joe Brown, Jr., a federal prisoner proceeding pro se, seeks a certificate of

appealability (COA) to appeal the district court's dismissal of his second 28 U.S.C.

§ 2255 motion for lack of jurisdiction. We deny a COA and dismiss the matter.

In March 2013, Mr. Brown pleaded guilty to being a felon in possession of a

firearm in violation of 18 U.S.C. § 922(g)(1). His sentence was enhanced under the

Armed Career Criminal Act (ACCA). In December 2015, Mr. Brown filed a § 2255

motion seeking relief under *Johnson v. United States*, 135 S. Ct. 2551 (2015). In

*Johnson*, the Supreme Court invalidated the residual clause in the ACCA's definition of

"violent felony" as unconstitutionally vague, *see id*. at 2557, 2563.

_____

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

On January 12, 2017, the district court denied the § 2255 motion after determining that the residual clause had no effect upon Mr. Brown's sentence. As the court explained, the ACCA enhancement was based on Mr. Brown's convictions for two serious drug offenses and a conviction for assault and battery with a dangerous weapon, which is considered a violent felony under the elements clause, not the residual clause.

Mr. Brown did not seek to appeal from the district court's decision. Instead, two weeks later, on January 26, Mr. Brown filed a second § 2255 motion in which he again argued that he was entitled to relief from his sentence under *Johnson* and related cases. The district court dismissed the motion for lack of jurisdiction, noting that Mr. Brown had filed his second § 2255 motion without seeking the proper circuit-court authorization.

Mr. Brown now seeks a COA to appeal the dismissal of his second § 2255 motion. To obtain a COA, Mr. Brown must show that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

A prisoner may not file a second or successive § 2255 motion unless he first obtains an order from the circuit court authorizing the district court to consider the motion. *See* 28 U.S.C. §§ 2244(b)(3)(A), 2255(h). In the absence of such authorization, a district court lacks jurisdiction to address the merits of a second or successive § 2255 motion. *See In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) (per curiam).

Mr. Brown filed a second § 2255 motion without the proper authorization. And he offers no argument in his Motion for COA, his supplement to that motion, or his addendum to that motion that explains how the district court erred in its procedural

2

ruling. Reasonable jurists could not debate that the district court was correct to treat Mr. Brown's new § 2255 motion as an unauthorized second or successive § 2255 motion and dismiss it for lack of jurisdiction.

Accordingly, we deny a COA and dismiss this matter. Mr. Brown's motion for leave to proceed on appeal without prepayment of costs or fees is denied as moot. The relevant statute, 28 U.S.C. §1915(a)(1), does not permit litigants to avoid payment of filing and docketing fees, only prepayment of those fees. Mr. Brown therefore remains obligated to pay all filing and docketing fees.

Entered for the Court

ELISABETH A. SHUMAKER, Clerk