**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

MICHAEL DWIGHT NORWOOD,

    Defendant - Appellant.

No. 17-6235
(D.C. Nos. 5:09-CV-01063-F &
5:06-CR-00180-F-1)
(D. Kan.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **TYMKOVICH**, Chief Judge, **PHILLIPS** and **MORITZ**, Circuit Judges.
_____

Michael Dwight Norwood, proceeding pro se, seeks a certificate of appealability (COA) to challenge the district court's determination that his "Motion to Reconsideration Federal Rule of Civil. [sic] P. Rule 60(b)(6) and Recall the Court Order" is an unauthorized second or successive § 2255 motion, over which the district court lacks jurisdiction. *See* 28 U.S.C. § 2253(c)(1)(B). We deny a COA and dismiss this matter.

After pleading guilty, Mr. Norwood was convicted of drug and firearm offenses in 2006; the conviction and sentence were affirmed by this court in 2007, and the Supreme Court denied a petition for writ of certiorari. Mr. Norwood filed a pro se motion pursuant to 28 U.S.C. § 2255 in 2009, claiming ineffective assistance of counsel in connection

_____

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

with his guilty plea, at sentencing, and on appeal. The district court denied the motion and declined to issue a COA; in 2012 this court denied the application for COA and dismissed the matter, and the Supreme Court denied the petition for writ of certiorari. In 2013, Mr. Norwood filed a motion under Fed. R. Civ. P. 60 for relief from judgment, which the district court construed in part as under Rule 60 and denied relief, and dismissed in part for lack of jurisdiction as an unauthorized successive motion. This court affirmed the substantive denial and denied a COA on the jurisdictional dismissal, and again the Supreme Court denied certiorari. All of which brings us to the proceedings underlying the current appeal.

In September 2017, Mr. Norwood filed yet another motion to reopen and vacate his § 2255 dismissal, again under Rule 60(b). The district court again found the motion to be a "mixed" motion and, on October 4, 2017, the district court denied part of the motion as meritless under Rule 60, and dismissed part of the motion for lack of jurisdiction as an unauthorized successive § 2255 motion. Shortly thereafter, on October 23, 2017, Mr. Norwood filed a Rule 60(b) motion to reconsider the October 4 ruling. The district court dismissed the October 23 motion as an unauthorized successive § 2255 motion because the motion "asserts or reasserts a federal basis for relief from defendant's underlying conviction." R., Vol. 1 at 54. Mr. Norwood now seeks to appeal the October 25 order and judgment.

Because his § 2255 motion was dismissed on procedural grounds, Mr. Norwood can obtain a COA only if he shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of

2

reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). We bypass the constitutional question because we can readily dispose of this case based on the procedural one. *See id.* at 484-85.

Even reviewing Mr. Norwood's motion liberally, *see Garza v. Davis*, 596 F.3d 1198, 1201 n.2 (10th Cir. 2010), there is nothing debatable about the district court's procedural ruling. "A district court does not have jurisdiction to address the merits of a second or successive § 2255 . . . claim until this court has granted the required authorization." *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) (per curiam). Mr. Norwood has not sought, and this court has not granted, the required authorization.

We deny a COA and dismiss this matter.

Entered for the Court

ELISABETH A. SHUMAKER, Clerk

3