**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 14, 2018**

**Elisabeth A. Shumaker**
**Clerk of Court**

# UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT
_____

ALEXANDER PALOMAREZ,

    Petitioner - Appellant,

v.

DARIN YOUNG, Warden; MARTY
JACKLEY, Attorney General,

    Respondents - Appellees.

No. 18-2054
(D.C. No. 1:18-CV-00298-RB-SMV)
(D. N.M.)

_____

## ORDER DENYING CERTIFICATE OF APPEALABILITY[*]
_____

Before **BRISCOE**, **LUCERO**, and **EID**, Circuit Judges.
_____

On March 20, 2018, Alexander Palomarez, a state prisoner proceeding pro se, filed

a 28 U.S.C. § 2254 application for a writ of habeas corpus in the district court, in which

he argued that he had "exculpatory evidence to prove actual innocence." R. at 5. The

court dismissed the application without prejudice for lack of jurisdiction because

Mr. Palomarez had not obtained authorization from this court to file a second or

successive § 2254 application. Because no reasonable jurist would find it debatable that

the court was correct in denying relief under Mr. Palomarez's application, we deny a

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

certificate of appealability (COA) and dismiss the appeal. *See* 28 U.S.C. § 2253(c) (requiring COA to appeal the dismissal of a claim under § 2254).

In 2013, Mr. Palomarez pleaded guilty to first-degree rape. His conviction was affirmed on direct appeal. In 2015, he filed his first § 2254 habeas application in the District of South Dakota. The District of South Dakota dismissed the application. The Eighth Circuit denied his request for a COA and dismissed his appeal. *Palomarez v. Young*, No. 16-1655 (8th Cir. Sept. 9, 2016) (unpublished judgment). Mr. Palomarez thereafter filed additional motions for authorization with the Eighth Circuit, additional § 2254 applications in (or transferred to) the District of South Dakota, and this application in the District of New Mexico.

The New Mexico district court noted that this was Mr. Palomarez's fourth § 2254 application and that he had not obtained permission from this court to file a second or successive application. It declined to transfer the matter to this court for authorization, and instead dismissed it without prejudice for lack of jurisdiction. The district court also denied a COA.

Where the district court denies a habeas application on procedural grounds, a COA should not issue unless "the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). We construe Mr. Palomarez's pro se filings liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). Even under this standard, he has failed to show his entitlement to a COA.

To begin with, it appears the District of New Mexico lacked jurisdiction to entertain Mr. Palomarez's habeas application. District courts can grant habeas corpus relief only "within their respective jurisdictions," 28 U.S.C. § 2241(a), which requires that the district court have jurisdiction over the plaintiff's custodian, *see Rumsfeld v. Padilla*, 542 U.S. 426, 442 (2004). Mr. Palomarez is incarcerated in South Dakota, not in New Mexico. To be sure, the custodial requirement does not affect the district court's subject-matter jurisdiction. *See id.* at 434 n.7, 451 (Kennedy, J., concurring). The district court did not err in reaching (and dismissing on) a different jurisdictional issue. But we caution Mr. Palomarez that so long as his custodian is not located within the territorial jurisdiction of the District of New Mexico, that court does not have jurisdiction to grant him habeas corpus relief.

In any event, Mr. Palomarez has not made a case that the district court was wrong in determining that he was required to obtain this court's permission to file a second or successive § 2254 habeas application.[1] No jurist of reason could debate whether the district court properly dismissed Mr. Palomarez's filing as an unauthorized second or successive § 2254 application. "When a second or successive § 2254 . . . claim is filed in the district court without the required authorization from this court, the district court may transfer the matter to this court . . . or it may dismiss the motion or petition for lack of jurisdiction." *In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008) (per curiam).

---

[1] This court is the "appropriate court of appeals," 28 U.S.C. §2244(b)(3)(A), in which to seek authorization to file a second or successive § 2254 habeas application in the District of New Mexico.

3

We deny a COA and dismiss the appeal. We grant Mr. Palomarez's motion to proceed in forma pauperis.

Entered for the Court

ELISABETH A. SHUMAKER, Clerk