FILED
United States Court of Appeals
Tenth Circuit

May 28, 2019

Elisabeth A. Shumaker
Clerk of Court

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

_____

JACK KAUFMAN, JR.,

    Petitioner - Appellant,

v.

JIMMY MARTIN, Warden,

    Respondent - Appellee.

No. 18-5093
(D.C. No. 4:17-CV-00393-JED-JFJ)
(N.D. Okla.)

_____

## ORDER DENYING CERTIFICATE OF APPEALABILITY[*]
_____

Before **BRISCOE**, **HARTZ**, and **MORITZ**, Circuit Judges.
_____

Jack Kaufman, Jr., proceeding pro se, seeks a certificate of appealability (COA) to

appeal the district court's decision dismissing his 28 U.S.C. § 2254 habeas application for

lack of jurisdiction as an unauthorized second or successive § 2254 application. We deny

a COA and dismiss this matter.

Mr. Kaufman was convicted in Oklahoma state court of trafficking in illegal drugs

after former conviction of a felony and sentenced to forty years in prison. In 2010, he

filed his first § 2254 habeas application. The district court denied relief, and we denied

his request for a COA.

---

    [*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

In 2017, Mr. Kaufman filed the § 2254 habeas application that is the subject of this proceeding. The state filed a motion to dismiss the habeas application, arguing that it was an unauthorized second or successive application. Because Mr. Kaufman had not obtained this court's authorization to file a second or successive application as required by 28 U.S.C. § 2244(b)(3), the district court determined that it lacked jurisdiction over the application and dismissed it.

To obtain a COA from a procedural dismissal, Mr. Kaufman must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). We have explained that "[a] district court does not have jurisdiction to address the merits of a second or successive . . . 28 U.S.C. § 2254 claim until this court has granted the required authorization." *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) (per curiam). Mr. Kaufman did not receive authorization from this court to file a second or successive § 2254 habeas application and he fails to explain how the district court erred in dismissing his second § 2254 habeas application for lack of jurisdiction. Given these circumstances, we see nothing debatable about the district court's procedural ruling. We therefore deny Mr. Kaufman's request for a COA.

We note that a portion of Mr. Kaufman's filing in this court appears to be a request for authorization to file a second or successive § 2254 habeas application. Although he sets out the standards for authorization in 28 U.S.C. § 2244(b) and acknowledges it is his burden to show how he meets those standards, he never actually

2

explains how he meets them. Accordingly, to the extent he has requested authorization to file a second or successive § 2254 habeas application, we deny his request for failure to meet the standards for authorization in § 2244(b).

For the foregoing reasons, we deny a COA and dismiss this matter. We also deny Mr. Kaufman's motion for leave to proceed on appeal without prepayment of costs and fees.

Entered for the Court

ELISABETH A. SHUMAKER, Clerk