FILED
United States Court of Appeals
Tenth Circuit

February 21, 2020

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

DONALD RAY COWAN,

    Petitioner - Appellant,

v.

SCOTT CROW,

    Respondent - Appellee.

No. 19-5112
(D.C. No. 4:19-CV-00639-JED-FHM)
(N.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY***
_____

Before **HOLMES**, **KELLY**, and **MATHESON**, Circuit Judges.
_____

Donald Ray Cowan, proceeding pro se, seeks a certificate of appealability (COA)

to appeal the district court's decision dismissing for lack of jurisdiction his 28 U.S.C.

§ 2254 habeas petition as an unauthorized second or successive § 2254 habeas petition.

We deny a COA and dismiss this matter.

A jury found Mr. Cowan guilty of first-degree manslaughter. He was sentenced to

serve four years in prison, the minimum sentence permitted under Oklahoma law. On

direct appeal, the Oklahoma Court of Criminal Appeals affirmed Mr. Cowan's judgment

---

    * This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

and sentence. He then filed a § 2254 habeas petition in 2010. The district court denied

relief[1] and we denied Mr. Cowan's request for a COA.

In July 2019, Mr. Cowan filed a motion in this court seeking authorization to file a

second or successive § 2254 habeas petition. We denied his request for authorization.

Despite our denial, he proceeded to file a second § 2254 habeas petition in district court

in November 2019.

The district court explained in its decision, "a second-in-time federal habeas

petition is 'second or successive' under 28 U.S.C. § 2244(b) if a petitioner has 'twice

brought claims contesting the same custody imposed by the same judgment of a state

court.'" R., Doc. 3 at 6 (quoting *Burton v. Stewart*, 549 U.S. 147, 153 (2007)

(per curiam)). And the court observed that Mr. Cowan's second habeas petition

challenged the same state-court judgment that he challenged in his 2010 habeas petition.

The district court therefore dismissed the second § 2254 habeas petition for lack of

jurisdiction because Mr. Cowan had not obtained authorization from this court to file a

second or successive § 2254 habeas petition.[2] He now seeks a COA to appeal from that

decision.

---

[1] Mr. Cowan was released from prison in May 2011 while his § 2254 habeas petition was pending in district court.

[2] The district court alternatively determined that it lacked jurisdiction over the second § 2254 habeas petition because Mr. Cowan failed to show he could satisfy the "in custody" requirement in 28 U.S.C. § 2254(a). We need not review this alternative holding because we conclude the district court properly dismissed Mr. Cowan's habeas petition for lack of jurisdiction as an unauthorized second or successive § 2254 habeas petition.

To obtain a COA from the district court's procedural ruling, Mr. Cowan must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). We need not address the constitutional question if we conclude that reasonable jurists would not debate the district court's resolution of the procedural one. *Id.* at 485.

Mr. Cowan did not obtain this court's authorization to file a second or successive § 2254 habeas petition as 28 U.S.C. § 2244(b)(3)(A) requires.[3] And "[a] district court does not have jurisdiction to address the merits of a second or successive . . . § 2254 claim until this court has granted the required authorization." *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) (per curiam). Other than making the conclusory assertion that the district court "improperly characterized [his § 2254 habeas petition] as a Successive Petition," COA App. at 3, Mr. Cowan offers no argument as to how the district court erred in its procedural ruling dismissing his habeas petition as an unauthorized second or successive § 2254 habeas petition. Instead, he continues to attack the validity of his state-court judgment, claiming it was void for lack of jurisdiction, he was denied due

---

[3] Section 2244(b)(3)(A) states: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." As we noted earlier, Mr. Cowan did file a motion seeking authorization to file a second or successive § 2254 habeas petition, but we denied his request.

process, and he received ineffective assistance of counsel.[4] He has therefore failed to demonstrate that reasonable jurists could debate the correctness of the district court's procedural ruling.

Accordingly, we deny a COA and dismiss this matter. We also deny Mr. Cowan's motion for leave to proceed without prepayment of costs and fees. Mr. Cowan is obligated to pay the filing fee in full.

Entered for the Court

CHRISTOPHER M. WOLPERT, Clerk

---

[4] Mr. Cowan also argues that "if this Court [a]pplies [28 U.S.C. § 2244(b)] in a manner that prohibits me from having a hearing on the . . . issues as laid out in this brief[,] the statute itself is [u]nconstitutional" both on its face and as applied to his case. COA App. at 2. But he offers no further argument as to how § 2244(b) is facially unconstitutional or how it has been unconstitutionally applied to the facts of his case. We nevertheless note that the Supreme Court has held that the restrictions on successive petitions in § 2244(b) do not violate the Suspension Clause of the United States Constitution. *See Felker v. Turpin*, 518 U.S. 651, 663-64 (1996).

4