FILED
United States Court of Appeals
Tenth Circuit

July 9, 2008

Elisabeth A. Shumaker
Clerk of Court

PUBLISH

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

In re:

TIMOTHY JAY CLINE,

Movant.

No. 08-3113
(D.C. Nos. 00-CR-40024-SAC-3
& 04-CV-3400-SAC)
(D. Kan.)

---

ORDER

---

Before **LUCERO**, **HARTZ**, and **HOLMES**, Circuit Judges.

---

Timothy Jay Cline, a federal prisoner appearing pro se, has filed a motion for remand challenging the transfer to this court of a post-conviction motion he filed in district court seeking dismissal of his indictment. We conclude that the district court correctly ruled that the claims in his motion constituted second or successive 28 U.S.C. § 2255 claims, for which circuit court authorization is required in order to be filed. We deny the motion for remand, dismiss the matter, and warn Mr. Cline that further unauthorized filings may subject him to sanctions.

Mr. Cline was convicted of multiple drug trafficking crimes in 2002, and his conviction was affirmed on appeal. *United States v. Cline*, 349 F.3d 1276, 1291 (10th Cir. 2003). He filed a § 2255 motion in 2004. The district court denied that motion, and Mr. Cline did not appeal.

Before a federal prisoner may file a second or successive motion under § 2255, the prisoner must first obtain an order from the appropriate court of appeals authorizing the district court to consider the motion. 28 U.S.C. §§ 2244(b)(3)(A), 2255(h). Section 2255(h) requires a federal prisoner seeking authorization to demonstrate that his proposed claims either depend on "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found [him] guilty of the offense," § 2255(h)(1), or rely upon "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," § 2255(h)(2).

Mr. Cline filed two unauthorized second or successive § 2255 claims in 2007. First, he filed a Fed. R. Civ. P. 60(b)(6) motion asserting sentencing claims under *Blakely v. Washington*, 542 U.S. 296 (2004), and *United States v. Booker*, 543 U.S. 220 (2005). The district court ruled the motion consisted of second or successive § 2255 claims, and it transferred the matter to this court pursuant to 28 U.S.C. § 1631 to give Mr. Cline an opportunity to obtain authorization to file it. *See Coleman v. United States*, 106 F.3d 339, 341 (10th Cir. 1997) (per curiam) (permitting district courts to transfer unauthorized second or successive claims to the circuit court under § 1631 if it is in the interest of justice to do so). We denied authorization because Mr. Cline's claims did not meet the authorization

standards set forth in § 2255(h). *In re Cline*, No. 07-3144 (10th Cir. Aug. 7, 2007) (unpublished order).

Mr. Cline then immediately filed another Rule 60(b) motion, raising the same claims as in his prior Rule 60(b) motion. The district court again ruled it consisted of second or successive § 2255 claims and again transferred the matter to this court. Mr. Cline filed a motion to remand the matter to the district court. We denied the motion for remand and dismissed the matter. *In re Cline*, No. 07-3292 (10th Cir. Dec. 3, 2007) (unpublished order).

Mr. Cline then filed the motion at issue. Asking the district court to take judicial notice under Federal Rule of Evidence 201, Mr. Cline asserted that the indictment leading to his 2002 conviction was defective in several respects, and, therefore, the federal government and district court lacked subject matter jurisdiction to convict him. The district court ruled these claims constituted second or successive § 2255 claims, and it transferred the matter to this court under § 1631.

*Transfer Procedure*. Before addressing Mr. Cline's motion to remand, we first wish to correct a misapprehension concerning § 1631 transfers of unauthorized second or successive claims. It has become the general practice of district courts in this circuit to automatically transfer all unauthorized second or successive habeas claims to this court, rather than exercising their discretion under § 1631 to determine whether or not it is in the interests of justice to do so.

*See Peach v. United States*, 468 F.3d 1269, 1271 n.1 (10th Cir. 2006) ("The district courts in this circuit routinely follow this [transfer] practice when a defendant files any pleading that the court construes as a second or successive habeas petition or § 2255 motion."). Some courts believe our court mandated such transfers in *Coleman*, 106 F.3d at 341. Here, for example, the district court stated in its transfer order that it "must" transfer the unauthorized second or successive claims to this court under § 1631. *United States v. Cline*, No. 00-40024-03, slip op. at 6 (D. Kan. Apr. 23, 2008). That is not so.

Section 1631 states that if a district court determines that it lacks jurisdiction over a civil action, it "shall, *if it is in the interest of justice*, transfer such action or appeal to any other such court in which the action or appeal could have been brought." (emphasis added). "Although . . . § 1631 contain[s] the word 'shall,' we have interpreted the phrase 'if it is in the interest of justice' to grant the district court discretion in making a decision to transfer an action or instead to dismiss the action without prejudice." *Trujillo v. Williams*, 465 F.3d 1210, 1222-23 (10th Cir. 2006). Factors considered in deciding whether a transfer is in the interest of justice include whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction. *Id.* at 1223 n.16.

A district court does not have jurisdiction to address the merits of a second or successive § 2255 or 28 U.S.C. § 2254 claim until this court has granted the required authorization. *United States v. Nelson*, 465 F.3d 1145, 1148 (10th Cir. 2006). Shortly after the second or successive authorization requirements were adopted as part of the Antiterrorism and Effective Death Penalty Act (AEDPA), this court held in *Coleman* that:

> when a second or successive petition for habeas corpus relief under § 2254 or a § 2255 motion is filed in the district court without the required authorization by this court, the district court should transfer the petition or motion to this court in the interest of justice pursuant to § 1631.

106 F.3d at 341.

The statement in *Coleman* that district courts "should" transfer an unauthorized successive claim to this court in the interest of justice was not, however, intended as a mandatory transfer rule. *Coleman* considered the traditional interest-of-justice factors. It expressed concern that prisoners would be unaware of the new successive authorization requirements contained in AEDPA, concluding that an unauthorized successive filing in the district court "would almost invariably reflect ignorance of the new procedural requirements of [AEDPA]." Twelve years later, however, the second or successive authorization requirements are no longer new, and it is by now well-established that under the plain language of §§ 2255(h) and 2244(b)(3), prisoners must first obtain circuit-court authorization before filing a second or successive habeas claim in

-5-

district court. In Mr. Cline's case, courts have repeatedly explained to him the statutory authorization requirements of §§ 2255(h) and 2244(b); thus, a district court might well conclude that his most recent unauthorized filing was not made in good faith. *See Trujillo*, 465 F.3d at 1223 n.16 (suggesting it is not in the interest of justice to transfer under § 1631 when a "plaintiff either realized or should have realized that the forum in which he or she filed was improper").

*Coleman* also expressed concern that a prisoner who failed to first obtain circuit court authorization might, as a result, have difficulty complying with the one-year statute of limitations for successive petitions unless the district court transferred the matter. The transferred motion in this case, however, as with many of the successive matters transferred to this court, fails on its face to satisfy any of the authorization standards of § 2255(h). Where there is no risk that a meritorious successive claim will be lost absent a § 1631 transfer, a district court does not abuse its discretion if it concludes it is not in the interest of justice to transfer the matter to this court for authorization. *See Phillips v. Seiter*, 173 F.3d 609, 610 (7th Cir. 1999) (noting that it is a waste of judicial resources to require the transfer of frivolous, time-barred cases).

In short, *Coleman* should not be read to limit the traditional discretion given to district courts under § 1631. When a second or successive § 2254 or § 2255 claim is filed in the district court without the required authorization from this court, the district court may transfer the matter to this court if it determines it

is in the interest of justice to do so under § 1631, or it may dismiss the motion or petition for lack of jurisdiction. *See Spitznas v. Boone*, 464 F.3d 1213, 1227 (10th Cir. 2006) ("Since the claim was successive . . . the district court . . . could only dismiss the petition or transfer it to us for certification."); *see also Jones v. Braxton*, 392 F.3d 683, 691 (4th Cir. 2004) (declining to adopt mandatory transfer rule because § 1631 gives district courts discretion over transfers); *Robinson v. Johnson*, 313 F.3d 128, 139 (3d Cir. 2002) (noting that district courts have the option to dismiss an unauthorized successive petition for lack of jurisdiction or transfer it to the circuit court pursuant to § 1631); *United States v. Barrett*, 178 F.3d 34, 41 n.1 (1st Cir. 1999) (expressly declining to adopt a mandatory transfer policy, but noting that transfer might be appropriate in order to deal with statute of limitation issues); *Guenther v. Holt*, 173 F.3d 1328, 1330-31 (11th Cir. 1999) (holding that interest of justice does not warrant a § 1631 transfer of an unauthorized successive petition if the limitations period has not yet expired and the petitioner has ample time to seek authorization from the circuit court).

*Motion for Remand.* In his motion for remand, Mr. Cline asserts that a jurisdictional claim can be raised at any time, and he asks that his motion to dismiss be construed as a Rule 60(b)(4) claim, pursuant to which a court may relieve a party from a final judgment if the judgment was void. He asks that the matter be remanded to the district court for resolution in the first instance.

In *Gonzalez v. Crosby*, 545 U.S. 524 (2005), the Supreme Court held that a claim nominally filed under Rule 60(b) in a habeas proceeding is, in substance, a successive habeas claim if it asserts or reasserts a substantive challenge to the validity of the conviction or sentence. *Id.* at 532. "It is the relief sought, not [the] pleading's title, that determines whether the pleading is a § 2255 motion." *Nelson*, 465 F.3d at 1148. This has been explained to Mr. Cline on the two prior occasions he attempted to evade the authorization requirements by filing nominal Rule 60(b) motions.

"A § 2255 motion is one claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." *Id*. (quotation omitted). In the motion Mr. Cline filed in district court, he claimed that the district court lacked jurisdiction to convict or sentence him because the indictment did not describe a "locus in quo" where the alleged violation occurred, did not allege a violation of the Commerce Clause, and did not show that the federal codes and statutes he was alleged to have violated were enacted by Congress, and, further because Kansas never ceded to the federal government the land on which the crimes occurred. The district court properly treated these post-conviction claims as unauthorized second or successive § 2255 claims because they all substantively challenge the

constitutionality of his conviction and detention, and are "effectively indistinguishable" from habeas claims. *See Gonzalez*, 545 U.S. at 532; *Nelson*, 465 F.3d at 1148.

Mr. Cline has not sought authorization, nor does he assert that his claims meet the authorization standards set forth in § 2255(h). He is therefore prohibited from pursuing his claims in district court. *Nelson*, 465 F.3d at 1148. Thus, there is no basis for remanding the matter to the district court.

Accordingly, the motion for remand is DENIED, and the matter is TERMINATED. We warn Mr. Cline that any further attempt by him to begin a collateral attack on his 2002 convictions without first satisfying all of the authorization requirements set forth in § 2255(h), including first moving in this court for authorization, could lead to the imposition of sanctions.

Entered for the Court

ELISABETH A. SHUMAKER, Clerk