FILED
United States Court of Appeals
Tenth Circuit

August 28, 2009

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

DAVID GEROLD RUNNELS,

      Petitioner - Appellant,

      v.

RANDALL WORKMAN,

      Respondent - Appellee.

No. 09-5077
(D. Ct. No. 4:09-CV-00256-CVE-FHM)
(N.D. Okla.)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **TACHA**, **TYMKOVICH**, and **GORSUCH**, Circuit Judges.

---

After examining the briefs and the appellate record, this three-judge panel has

determined unanimously that oral argument would not be of material assistance in the

determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The

case is therefore ordered submitted without oral argument.

David Gerold Runnels, a state prisoner proceeding pro se, seeks a certificate of

appealability ("COA") to appeal from the dismissal of his habeas petition brought under

28 U.S.C. § 2254. The district court determined that the petition was an unauthorized

successive petition and dismissed it for lack of jurisdiction. We take jurisdiction under 28

---

[*]This order and judgment is not binding precedent except under the doctrines of
law of the case, res judicata and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

U.S.C. § 1291, DENY Mr. Runnels's request for a COA, and DISMISS this appeal.

## I. BACKGROUND

In 1992, Mr. Runnels was convicted in Oklahoma state court of two counts of robbery with a firearm, knowingly concealing stolen property, and feloniously carrying a firearm. In 1997, he filed his first § 2254 petition. The district court denied it. He appealed but allowed the appeal to be dismissed. *See Runnels v. Ward*, No. 00-5003 (10th Cir. Mar. 21, 2000) (order).

Mr. Runnels filed a second habeas petition in 2004. The district court treated the second petition as a successive petition and transferred it to this court to determine whether to authorize it. We denied authorization. *See Runnels v. Ward*, No. 04-5055 (10th Cir. June 22, 2004) (order).

In 2009, Mr. Runnels filed the instant habeas petition. This time, the district court dismissed the petition for lack of jurisdiction. *See Runnels v. Workman*, No. 09-CV-0256-CVE-FHM, 2009 WL 1290943, at *2 (N.D. Okla. May 6, 2009). Mr. Runnels now seeks a COA to appeal the district court's dismissal of his third habeas petition.

## II. DISCUSSION

A § 2254 petitioner may not appeal from a final order in a habeas proceeding without first obtaining a COA. 28 U.S.C. § 2253(c)(1)(A). We will issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). When the district court denies the petitioner's claim on the merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's

- 2 -

assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When, as here, the petition is denied on procedural grounds, the petitioner must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

Before a state prisoner may file a second or successive petition under § 2254, the prisoner must "move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). We will authorize a successive petition only when the petitioner relies on a new rule of constitutional law or on newly discovered evidence. *Id.* § 2244(b)(2)(A)–(B), (b)(3)(C). "When a second or successive § 2254 or § 2255 claim is filed in the district court without the required authorization from this court, the district court may transfer the matter to this court if it determines it is in the interest of justice to do so under [28 U.S.C.] § 1631, or it may dismiss the motion or petition for lack of jurisdiction." *In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008). A transfer is not in the interest of justice when the claims raised in the successive petition clearly do not meet the requirements set forth in § 2244(b)(2). *See id.* The district court may also consider whether the claims are time-barred and whether the petitioner filed them in good faith. *See id.* at 1251.

As the district court recognized, Mr. Runnels's third habeas petition is not based on an intervening change in law or on new evidence. *Runnels*, 2009 WL 1290943, at *2. Furthermore, as also noted by the district court, all of the claims in Mr. Runnels's petition

are time-barred or not cognizable on federal habeas corpus review. Therefore, the district court correctly determined that it was not in the interests of justice to transfer the unauthorized petition and properly dismissed the petition for lack of jurisdiction.

## III. CONCLUSION

Reasonable jurists could not debate whether the district court was correct to dismiss Mr. Runnels's habeas petition for lack of jurisdiction. Accordingly, we DENY Mr. Runnels's request for a COA and DISMISS this appeal. We DENY his request to proceed in forma pauperis on appeal.

ENTERED FOR THE COURT,


Deanell Reece Tacha
Circuit Judge