FILED
United States Court of Appeals
Tenth Circuit

June 30, 2016

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JUAN DAVALOS-PONCE,

Defendant - Appellant.

No. 16-2045
(D.C. Nos. 2:15-CV-01070-RB-KK &
2:12-CR-03033-RB-1)
(D. N.M.)

---

ORDER DENYING CERTIFICATE OF APPEALABILITY[*]

---

Before **PHILLIPS**, **O'BRIEN**, and **MORITZ**, Circuit Judges.

---

After Juan Davalos-Ponce pled guilty to reentry of a removed alien in violation of 8 U.S.C. § 1326(a) and (b), the district court sentenced him to 63 months' imprisonment. Proceeding pro se, he now seeks a certificate of appealability (COA) under 28 U.S.C. § 2253(c) to challenge the district court's determination in its January 19, 2016, order that his recent motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence is an unauthorized second or successive motion, over which the district court lacks jurisdiction. For the reasons that follow, we deny a COA and dismiss the appeal.

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Mr. Davalos-Ponce has already filed one unsuccessful §2255 motion, so this is his second one. Furthermore, he did not obtain this court's authorization to file a second or successive petition, as required by 28 U.S.C. § 2244(b)(3). Accordingly, the district court determined that it lacked jurisdiction over the motion and dismissed it. The district court also denied Mr. Davalos-Ponce's alternative request that his motion be treated as an application for a writ of habeas corpus under 28 U.S.C. § 2241 because he did not satisfy the requirements of 28 U.S.C. § 2255(e).

Because his habeas petition was dismissed on procedural grounds, Mr. Davalos-Ponce can obtain a COA only if he shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). We bypass the constitutional question because we can readily dispose of this case based on the procedural one. *See id.*

Even reviewing Mr. Davalos-Ponce's application with the liberality due pro se applicants, *see Garza v. Davis*, 596 F.3d 1198, 1201 n.2 (10th Cir. 2010), there is nothing debatable about the district court's procedural ruling. "A district court does not have jurisdiction to address the merits of a second or successive § 2255 . . . claim until this court has granted the required authorization." *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) (per curiam). Mr. Davalos-Ponce had not obtained the

required authorization when he filed his successive § 2255 motion. Accordingly, we deny a COA and dismiss this matter.

Mr. Davalos-Ponce's motion to proceed without prepayment of costs or fees is granted. Only prepayment of fees is waived, not the fees themselves. 28 U.S.C. § 1915(a)(1). Mr. Davalos-Ponce is still required to pay all filing and docketing fees in full. *See id. § 1915(b).*

Entered for the Court

ELISABETH A. SHUMAKER, Clerk