**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

ELLISTON CALLWOOD,

    Defendant - Appellant.

No. 16-2204
(D.C. Nos. 1:16-CV-00673-JAP-GBW &
1:92-CR-00552-JAP-1)
(D. N.M.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **KELLY**, **McHUGH**, and **MORITZ**, Circuit Judges.
_____

Elliston Callwood, a federal prisoner proceeding pro se, seeks a certificate of appealability (COA) to appeal the district court's dismissal of his second 28 U.S.C. § 2255 motion for lack of jurisdiction. We deny a COA and dismiss the matter.

Mr. Callwood was convicted of six drug trafficking offenses and he was sentenced to 576 months in prison. We affirmed his convictions on appeal. He subsequently filed a § 2255 motion to vacate, set aside or correct his sentence. The district court denied the motion and we denied a COA.

___

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

In June of this year, Mr. Callwood filed a motion for authorization in this court to file a second or successive § 2255 motion. Before he received a decision on that motion, he filed a second § 2255 motion in district court. We ultimately denied Mr. Callwood's motion for authorization. The district court then dismissed Mr. Callwood's successive § 2255 motion for lack of jurisdiction because he did not receive authorization to file it.

Mr. Callwood now seeks a COA to appeal that dismissal. To obtain a COA, he must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

In his COA application, Mr. Callwood offers no argument as to how the district court erred in dismissing his motion for lack of jurisdiction. By seeking authorization in this court, Mr. Callwood implicitly acknowledged that his new motion was second or successive and that he needed authorization to file it. He does not dispute that his new § 2255 motion is a substantive challenge to the constitutionality of the same convictions and sentence that he challenged in his first § 2255 motion. Such a motion is second or successive. *See In re Cline*, 531 F.3d 1249, 1253 (10th Cir. 2008) (per curiam) (concluding that district court properly treated post-conviction claims filed after an initial § 2255 motion as second or successive "because they all substantively challenge the constitutionality of [the prisoner's] conviction and detention").

A prisoner may not file a second or successive § 2255 motion unless he first obtains an order from the circuit court authorizing the district court to consider the

2

motion. *See* 28 U.S.C. § 2255(h); *id.* § 2244(b)(3)(A). In the absence of such authorization, a district court lacks jurisdiction to address the merits of a second or successive § 2255 motion. *See Cline*, 531 F.3d at 1251.

Reasonable jurists could not debate that the district court was correct to treat Mr. Callwood's new motion as an unauthorized second or successive § 2255 motion and to dismiss it for lack of jurisdiction. Accordingly, we deny a COA and dismiss this matter.

Mr. Callwood's motion for leave to proceed without prepayment of costs or fees is granted. Nevertheless, he is required to pay all filing and docketing fees. Only prepayment of fees is waived, not the fees themselves. 28 U.S.C. § 1915(a)(1). Payment shall be made to the Clerk of the District Court in the amount of $505.00.

Entered for the Court

ELISABETH A. SHUMAKER, Clerk
