**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 13, 2018**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

LAWRENCE CROSS,

     Petitioner - Appellant,

v.

WARDEN BEAR,

     Respondent - Appellee.

No. 18-6004
(D.C. No. 5:17-CV-01262-D)
(W.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **LUCERO**, **KELLY**, and **EID**, Circuit Judges.
_____

Lawrence Cross, a state prisoner proceeding pro se, seeks a certificate of

appealability (COA) to appeal from the district court's decision to dismiss his 28 U.S.C.

§ 2254 habeas petition for lack of jurisdiction.  We deny a COA and dismiss the matter.

In 2010, Mr. Cross entered a guilty plea in Oklahoma state court to multiple drug

trafficking offenses.  In 2012, he filed his first § 2254 habeas petition.  The district court

denied the petition and we denied Mr. Cross's request for a COA.  He filed a second

§ 2254 petition in 2015.  The district court dismissed it for lack of jurisdiction because it

was an unauthorized second or successive petition, and we denied a COA from the

district court's dismissal.  Mr. Cross filed his third § 2254 petition in the underlying

_____

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

district court case in 2017. Because Mr. Cross had not received authorization from this court to file a successive petition, the district court dismissed it for lack of jurisdiction. Mr. Cross now seeks a COA to appeal the dismissal.

To obtain a COA, he must show at a minimum that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). He has not made this showing.

A prisoner may not file a second or successive § 2254 motion unless he first obtains an order from the circuit court authorizing the district court to consider the motion. 28 U.S.C. § 2244(b)(3)(A). Absent such authorization, a district court lacks jurisdiction to address the merits of a second or successive § 2254 petition. *See In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) (per curiam).

In his request for a COA, Mr. Cross does not explain how the district court erred in dismissing his third § 2254 habeas petition for lack of jurisdiction. Mr. Cross had previously filed two habeas petitions, and he had not received authorization from this court to file a second or successive § 2254 habeas petition. Reasonable jurists could not debate the district court's procedural ruling to dismiss Mr. Cross's unauthorized second or successive § 2254 habeas petition for lack of jurisdiction. Accordingly, we deny Mr. Cross's request for a COA.

We deny as moot Mr. Cross's request to proceed without prepayment of costs or fees. The relevant statute does not permit litigants to avoid payment of filing and docketing fees, only prepayment of those fees. *See* 28 U.S.C. § 1915(a)(1),(b)(1).

2

Though we have ruled on Mr. Cross's request for a COA, he remains obligated to pay all filing and docketing fees.

Entered for the Court

ELISABETH A. SHUMAKER, Clerk

3