FILED
United States Court of Appeals
Tenth Circuit

May 16, 2019

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JOAL WILLIAM GOODWIN,

    Defendant - Appellant.

No. 19-3042
(D.C. Nos. 6:18-CV-001175-EFM &
6:10-CR-10083-EFM-1)
(D. Kan.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY***
_____

Before **HARTZ**, **MATHESON**, and **BACHARACH**, Circuit Judges.
_____

Joal William Goodwin, a federal prisoner proceeding pro se, seeks a certificate of

appealability (COA) to appeal the district court's order dismissing his 28 U.S.C. § 2255

motion as an unauthorized second or successive § 2255 motion and dismissing it for lack

of jurisdiction. We deny a COA and dismiss this matter.

In 2010, Mr. Goodwin pleaded guilty to one count of bank robbery, in violation of

18 U.S.C. § 2113(a). He was sentenced as a career offender to 151 months'

imprisonment. He did not file a direct appeal. In 2011, Mr. Goodwin filed his first

§ 2255 motion in district court based on ineffective assistance of counsel. The district

_____

    * This order is not binding precedent except under the doctrines of law of the case,
res judicata, and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

court denied the motion, and we denied a COA. In 2016, this court granted Mr. Goodwin authorization to file a second or successive § 2255 motion in district court to challenge his career offender enhancement based on the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). The district court denied Mr. Goodwin's authorized § 2255 motion, and he did not appeal. On June 15, 2018, Mr. Goodwin filed the underlying § 2255 motion in district court, seeking to reopen his original § 2255 proceedings based on ineffective assistance of counsel. The district court determined that the motion was an unauthorized second or successive § 2255 motion and dismissed it for lack of jurisdiction.

Mr. Goodwin now seeks a COA to appeal from that dismissal. "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Because the district court dismissed his motion on procedural grounds, to obtain a COA Mr. Goodwin must demonstrate *both* "that jurists of reason would find it debatable whether the [motion] states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). We need not reach the constitutional component of this standard since it is apparent Mr. Goodwin cannot meet his burden on the procedural one. *See id.* at 485.

A prisoner may not file a second or successive § 2255 motion without authorization from this court. 28 U.S.C. § 2244(b)(3)(A); *id.* § 2255(h). The district

2

court lacks jurisdiction to consider the merits of a second or successive § 2255 motion absent authorization. *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) (per curiam).

In his motion filed in district court, Mr. Goodwin sought to reopen his original § 2255 proceedings, claiming trial counsel was ineffective in failing to challenge a prior conviction as a predicate offense for the career offender enhancement, and in failing to argue for a downward variance at sentencing. The district court determined that Mr. Goodwin was "attempt[ing] to file a successive § 2255 motion as he clearly states that he seeks to re-open his previous (2011) § 2255 motion," R., Vol. III at 83. Because Mr. Goodwin had not obtained the proper authorization from this court to file a second or successive § 2255 motion, the district court dismissed the motion for lack of jurisdiction and denied a COA.

In his COA application to this court, Mr. Goodwin repeats the same merits arguments he presented in district court. But he fails to address how the district court erred in its procedural ruling that his motion was clearly a successive § 2255 motion. Reasonable jurists could not debate that Mr. Goodwin's motion is an unauthorized second or successive § 2255 motion over which the district court lacked jurisdiction.

Accordingly, we deny a COA and dismiss this matter. Mr. Goodwin's motion for leave to proceed on appeal in forma pauperis is also denied. We remind Mr. Goodwin of his obligation to pay the full amount of the filing fee despite our denial of a COA and

dismissal of this appeal.

Entered for the Court

ELISABETH A. SHUMAKER, Clerk

4