**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 9, 2021**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

RODNEY CHARLES MCCULLOUGH,

Petitioner - Appellant,

v.

MIKE HUNTER,

Respondent - Appellee.

No. 20-6176
(D.C. No. 5:20-CV-00772-F)
(W.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **TYMKOVICH**, Chief Judge, **KELLY** and **CARSON**, Circuit Judges.
_____

Rodney McCullough, a state prisoner representing himself, seeks a certificate of appealability (COA) to appeal the district court's dismissal of his 28 U.S.C. § 2254 petition.[1] We deny a COA and dismiss this matter.

In 1990, an Oklahoma jury convicted McCullough of first-degree murder, and the trial judge sentenced him to life in prison. In 2017, McCullough challenged his sentence in a § 2254 petition, but the district court dismissed his petition as time-barred.

_____

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] We construe McCullough's pro se filings liberally without going so far as to take on the role of his advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

McCullough needed authorization from this court to file a second or successive § 2254 petition in the district court. *See* 28 U.S.C. § 2244(b)(3)(A). Without obtaining that authorization, however, he filed another § 2254 petition, claiming actual innocence. The district court dismissed the petition, concluding that it lacked jurisdiction to consider an unauthorized second or successive § 2254 petition. And it denied McCullough a COA.

To obtain a COA from us, McCullough must show "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 478 (2000). But he does not dispute either (1) that this case involves his second § 2254 petition or (2) that he did not obtain authorization to file it. Given those two facts, no reasonable jurist could debate the district court's decision to dismiss the petition—the court correctly concluded that it lacked jurisdiction to address the merits of an unauthorized second or successive § 2254 petition. *See In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) (per curiam).

McCullough argues that the district court erred because it failed to recognize that he had not raised his actual-innocence claim in a prior proceeding. This argument does not cast doubt on the district court's procedural ruling: McCullough needed authorization to file any second or successive § 2254 petition, even one that contained a claim that he had not previously presented. *See* § 2244(b)(3)(A). Because the district court's procedural ruling is not debatable, we need not consider McCullough's arguments about the merits of his actual-innocence claim.

We grant McCullough's motion to proceed without prepaying fees, deny his application for a COA, and dismiss this matter.

Entered for the Court

CHRISTOPHER M. WOLPERT, Clerk