FILED
United States Court of Appeals
Tenth Circuit

March 1, 2021

Christopher M. Wolpert
Clerk of Court

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT
_____

DEAN D. HACKBORN,

    Petitioner - Appellant,

v.

ATTORNEY GENERAL STATE OF
COLORADO,

    Respondent - Appellee.

No. 20-1398
(D.C. No. 1:20-CV-01613-LTB-GPG)
(D. Colo.)

_____

## ORDER DENYING CERTIFICATE OF APPEALABILITY[*]
_____

Before **HARTZ**, **McHUGH**, and **CARSON**, Circuit Judges.
_____

Dean D. Hackborn has been serving a prison sentence for a Colorado conviction

since 2006.[1]  In 2013, he challenged that conviction in a 28 U.S.C. § 2254 petition, and

his petition was dismissed as time-barred.  He then needed authorization from this court

before filing a second or successive § 2254 petition.  *See* 28 U.S.C. § 2244(b)(3)(A).

Without obtaining authorization, however, he filed another § 2254 petition in the district

court.  That court dismissed the petition, concluding that it lacked jurisdiction to consider

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Mr. Hackborn represents himself.  We construe his filings liberally without going so far as to take on the role of his advocate.  *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

the unauthorized second or successive § 2254 petition. And it denied Mr. Hackborn a certificate of appealability (COA) to appeal its order.

Mr. Hackborn now seeks a COA from us. To obtain one, he must show "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 478 (2000). But he does not dispute either (1) that this case involves his second § 2254 petition or (2) that he did not have authorization to file it. Given those two facts, no reasonable jurist could debate the district court's decision to dismiss the petition: the court correctly concluded that it lacked jurisdiction to address the merits of an unauthorized second or successive § 2254 petition. *See In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) (per curiam).

We grant Mr. Hackborn's motion to proceed without prepaying fees, deny his application for a COA, and dismiss this matter.

Entered for the Court

CHRISTOPHER M. WOLPERT, Clerk

2