**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**January 4, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

_____

ROBERT DEAN BLAUROCK,

    Petitioner - Appellant,

v.

STATE OF KANSAS; JEFF ZMUDA,

    Respondents - Appellees.

_____

No. 21-3175
(D.C. No. 5:21-CV-03217-SAC)
(D. Kan.)

ROBERT DEAN BLAUROCK,

    Petitioner - Appellant,

v.

STATE OF KANSAS; JEFF ZMUDA,
KDOC Secretary of Corrections,

    Respondents - Appellees.

No. 21-3191
(D.C. No. 5:21-CV-03231-SAC)
(D. Kan.)

_____

**ORDER DENYING CERTIFICATES OF APPEALABILITY**[*]
_____

Before **HARTZ**, **BACHARACH**, and **McHUGH**, Circuit Judges.
_____

Robert Dean Blaurock, a Kansas state prisoner proceeding pro se, seeks

certificates of appealability (COA) to appeal the district court's orders dismissing for lack

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

of jurisdiction his 28 U.S.C. § 2254 petitions as second or successive and unauthorized. We deny the requests and dismiss these matters.

Mr. Blaurock was convicted after two jury trials of aggravated indecent liberties with a child, rape, aggravated sodomy, aggravated criminal sodomy, and sexual exploitation of a child. He was sentenced to 317 months' imprisonment. The Kansas Court of Appeals affirmed his convictions and sentences. In 2015, Mr. Blaurock filed his first § 2254 petition in district court asserting thirty-one claims for relief. The district court denied the petition, and this court denied a COA.

On September 10, 2021, Mr. Blaurock filed a second § 2254 petition, which the district court dismissed for lack of jurisdiction as an unauthorized second or successive § 2254 petition. Mr. Blaurock now seeks a COA to appeal from that dismissal (case No. 21-3175). Undeterred, on September 24, 2021, Mr. Blaurock filed his third § 2254 petition, which the district court likewise dismissed for lack of jurisdiction as an unauthorized second or successive § 2254 petition. Mr. Blaurock also seeks a COA to appeal from that dismissal (case No. 21-3191). Since filing his appeals in these cases, Mr. Blaurock has also unsuccessfully sought authorization twice from this court to file a second or successive § 2254 petition in district court.

To appeal the district court's dismissal orders, Mr. Blaurock must obtain a COA. *See* 28 U.S.C. § 2253(c)(1)(A); *Slack v. McDaniel*, 529 U.S. 473, 482 (2000). To obtain a COA, he must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."

2

*Slack*, 529 U.S. at 484. We need not reach the constitutional question since it is apparent Mr. Blaurock cannot meet his burden of showing error in the district court's procedural ruling. *See id.* at 485.

A prisoner may not file a second or successive § 2254 petition without authorization from this court. 28 U.S.C. § 2244(b)(3)(A). And a district court lacks jurisdiction to consider the merits of a second or successive § 2254 petition absent authorization. *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) (per curiam).

In his COA applications in this court, Mr. Blaurock raises several arguments related to ineffective assistance of counsel, denial of the right to a fair trial by an impartial jury, structural defect in the charging instruments and jury instructions, and sentencing error. But these arguments go to the merits of his underlying claims; Mr. Blaurock does not address how the district court erred in its procedural rulings that his § 2254 petitions were unauthorized second or successive petitions over which it lacked jurisdiction.

Because Mr. Blaurock has not shown that jurists of reason would debate whether the district court's procedural rulings were correct, we deny the applications for COA and dismiss these matters. We deny the "Motion for Admission and Disclosure of Postconviction Discovered Evidences" as moot, and we grant the motion to proceed in forma pauperis.

Entered for the Court

CHRISTOPHER M. WOLPERT, Clerk

3