FILED
United States Court of Appeals
Tenth Circuit

June 21, 2022

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

RAMONA I. MORGAN,

    Petitioner - Appellant,

v.

GLORIA GEITHER,

    Respondent - Appellee.

No. 22-3080
(D.C. No. 5:22-CV-03064-SAC)
(D. Kan.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **MORITZ**, **KELLY**, and **EID**, Circuit Judges.
_____

Ramona Morgan, a state prisoner, filed her second habeas application under

28 U.S.C. § 2254, and the district court dismissed it for lack of jurisdiction.  She seeks a

certificate of appealability (COA) to appeal the dismissal.[1]  We deny a COA and dismiss

this matter.

In 2008, a Kansas jury convicted Ms. Morgan of two counts of second-degree

murder and one count of aggravated battery.  In 2015, she unsuccessfully sought habeas

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Ms. Morgan has filed (1) a combined brief and application for a COA and (2) a "Motion for Issuance of Certificate of Appealability."  We have considered both filings, construing them liberally because Ms. Morgan represents herself, *see Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

relief under § 2254. She filed her second § 2254 application this year, raising two claims: the trial court should have ordered a mistrial, and her trial counsel should have introduced a recording of a 911 call.

A district court lacks jurisdiction over the merits of a second § 2254 application unless the appropriate court of appeals has authorized the prisoner to file it. *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) (per curiam). Faced with Ms. Morgan's unauthorized second application, the district court had two options: dismiss the application or transfer it to this court. *See id.* at 1252. Transfer is appropriate when it furthers the interests of justice. *See id.*; 28 U.S.C. § 1631. The district court concluded that a transfer would not further the interests of justice and dismissed Ms. Morgan's application.

To appeal the dismissal, Ms. Morgan needs a COA. *See* 28 U.S.C. § 2253(c)(1)(A). We may grant a COA if she shows that jurists of reason would find it debatable whether her application "states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 478 (2000). We need not consider whether her application states a valid constitutional claim because the district court's procedural ruling is beyond debate.

Ms. Morgan does not dispute that she has filed a prior § 2254 application or that she lacked authorization to file her current one. But she appears to challenge the district court's discretionary decision to dismiss her application rather than transfer it to this court for authorization.

A claim "presented in a prior application" will not be authorized. 28 U.S.C. § 2244(b)(1). And a new claim will be authorized "only if it falls within one of two narrow categories—roughly speaking, if it relies on a new and retroactive rule of constitutional law or if it alleges previously undiscoverable facts that would establish [the prisoner's] innocence." *Banister v. Davis*, 140 S. Ct. 1698, 1704 (2020); *see* § 2244(b)(2).

Ms. Morgan presented the claim involving the 911 call in her first habeas application. And her claim that the trial court should have ordered a mistrial "fails on its face to satisfy any of the authorization standards." *Cline*, 531 F.3d at 1252. The claim relies on events that occurred during trial; it does not rely on previously undiscoverable facts. Nor does it rely on a new and retroactive rule of constitutional law. Because Ms. Morgan's claims plainly would not warrant authorization, there can be no reasonable debate over the district court's decision to dismiss her application rather than transfer it.[2] *See id.* ("Where there is no risk that a meritorious successive claim will be lost absent a § 1631 transfer, a district court does not abuse its discretion if it concludes it is not in the interest of justice to transfer the matter to this court for authorization.").

\* \* \*

---

[2] The district court also concluded that Ms. Morgan's mistrial claim appeared to be time-barred and unlikely to have merit. We need not consider these additional reasons supporting dismissal.

3

Ms. Morgan's motion and application for a COA are denied.  This matter is dismissed.

Entered for the Court

CHRISTOPHER M. WOLPERT, Clerk