FILED
United States Court of Appeals
Tenth Circuit

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

September 29, 2022

**Christopher M. Wolpert**
**Clerk of Court**

_____

ZABRIEL LEON EVANS,

    Petitioner - Appellant,

v.

STATE OF KANSAS,

    Respondent - Appellee.

_____

In re: ZABRIEL EVANS,

    Movant.

Nos. 22-3161 & 22-3179
(D.C. No. 5:22-CV-03147-SAC)
(D. Kan.)

_____

## ORDER
_____

Before **HOLMES**, **McHUGH**, and **ROSSMAN**, Circuit Judges.
_____

Zabriel Evans, proceeding pro se, seeks a certificate of appealability (COA) to

appeal from the district court's order dismissing his second § 2254 habeas application for

lack of jurisdiction as an unauthorized successive application (No. 22-3161). He also

seeks authorization to file his second § 2254 habeas application (No. 21-3179). We deny

both a COA and authorization.

I.  Background

In 2005, Mr. Evans was convicted after a jury trial of one count of rape, two

counts of aggravated burglary, one count of aggravated criminal sodomy, and one count

of theft. He was sentenced to 620 months' imprisonment. The Kansas Court of Appeals affirmed the judgment on direct appeal.

In 2012, Mr. Evans filed his first § 2254 habeas application. The district court denied the habeas application, and we denied a COA.

Earlier this year, Mr. Evans filed a second § 2254 habeas application. Because it was an unauthorized second or successive § 2254 habeas application, the district court dismissed it for lack of jurisdiction. Mr. Evans now seeks a COA to appeal from the district court's dismissal order. He also seeks authorization to file a second or successive § 2254 habeas application.

II.  COA (No. 22-3161)

To obtain a COA where, as here, a district court has dismissed a filing on procedural grounds, the movant must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). We need not address the constitutional question if we conclude that reasonable jurists would not debate the district court's resolution of the procedural one. *Id*. at 485.

A prisoner may not file a second or successive § 2254 habeas application unless he first obtains an order from the circuit court authorizing the district court to consider the motion. 28 U.S.C. § 2244(b)(3)(A). Absent such authorization, a district court lacks jurisdiction to address the merits of a second or successive § 2254 habeas application. *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008).

2

In his COA application, Mr. Evans does not explain how the district court erred in its procedural ruling dismissing his second § 2254 habeas application for lack of jurisdiction as an unauthorized second or successive § 2254 habeas application. Instead, he argues the merits of his underlying second habeas application. Because Mr. Evans has not shown that jurists of reason would debate whether the district court's procedural ruling was correct, we deny a COA.

III.  Authorization (No. 22-3179)

Mr. Evans also seeks authorization to file a second or successive § 2254 habeas application to bring the claims in his second habeas application. To receive authorization, he must make a prima facie showing that he can meet the requirements in § 2244(b)(2). *See* § 2244(b)(3)(C). To do so, he must show:

> (A) . . . that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found [him] guilty of the underlying offense.

§ 2244(b)(2).

Mr. Evans filed his motion for authorization on this court's form and he checked boxes stating that his claims were based on newly discovered evidence and a new rule of law. *See* Mot. for Auth. at 9-10. For the description of his claims, the factual support, and the explanation of how his claims meet the requirements in § 2244(b)(2), he directs

3

the court to the COA application he filed in his appeal from the dismissal of his second habeas application, which he attached to the motion for authorization. *See* Mot. for Auth. at 8-10.

The COA application recites the authorization standard from § 2244(b)(2), *see* Mot. for Auth, Attach. at 3-4, but Mr. Evans does not go on to explain how his new claims meet that standard. He has therefore failed to make a prima facie showing that he can satisfy the authorization requirements in § 2244(b)(2).

IV.  Conclusion

In No. 22-3161, we deny a COA and dismiss the matter. In No. 22-3179, we deny authorization. The denial of authorization "shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari." 28 U.S.C. § 2244(b)(3)(E).

Entered for the Court

CHRISTOPHER M. WOLPERT, Clerk