**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 6, 2023**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

CARL DEAN WYATT, JR.,

    Petitioner - Appellant,

v.

SCOTT CROW,

    Respondent - Appellee.

No. 22-6180
(D.C. No. 5:22-CV-00740-R)
(W.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **TYMKOVICH**, **KELLY**, and **ROSSMAN**, Circuit Judges.
_____

Carl Dean Wyatt, Jr., is an Oklahoma prisoner serving a life sentence for a murder committed in 1997.  He has filed multiple unsuccessful 28 U.S.C. § 2254 petitions challenging his conviction.

In August 2022, Wyatt filed a new § 2254 petition alleging new DNA evidence, and new evidence of prosecutorial misconduct.  In October 2022, the district court dismissed that petition for lack of jurisdiction because it fell within the definition of "second or successive" and this court had not authorized Wyatt to bring his new claims.  *See* 28 U.S.C. § 2244(b)(3)(A).  Wyatt then filed a notice of appeal,

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

resulting in this proceeding (No. 22-6180).  He also filed a motion for authorization to file his new § 2254 petition, creating another proceeding (No. 22-6201).

In December 2022, we denied Wyatt's motion for authorization, thus terminating No. 22-6201.  But this proceeding remains, and the question before us is whether to issue a certificate of appealability (COA) so Wyatt may challenge the district court's decision to dismiss his § 2254 petition for lack of jurisdiction.

To merit a COA, Wyatt "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  And he must make an extra showing in this circumstance because the district court resolved his motion on a procedural basis, namely, lack of jurisdiction.  So he must also show that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

Jurists of reason would not find the district court's procedural ruling debatable.  This was not a situation where a prisoner filed a motion invoking some authority other than § 2254, thus requiring the district court to discern whether the motion was an attempt to avoid the statutory restrictions on second or successive § 2254 petitions.  Wyatt explicitly filed a new § 2254 petition, yet without authorization.  "A district court does not have jurisdiction to address the merits of a second or successive . . . § 2254 claim until this court has granted the required authorization." *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008).

Wyatt does not argue otherwise. His application for a COA instead argues the substance of the claims he hopes to bring. Effectively, it is another motion for authorization, but on the same grounds we considered in No. 22-6201. It does not address the district court's procedural decision to dismiss for lack of jurisdiction.

For these reasons, we deny a COA. We grant Wyatt's motion to proceed without prepayment of costs or fees.

Entered for the Court

CHRISTOPHER M. WOLPERT, Clerk