FILED
United States Court of Appeals
Tenth Circuit

February 6, 2024

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

MICHAEL DEWAYNE BELL,

    Petitioner - Appellant,

v.

UNITED STATES OF AMERICA,

    Respondent - Appellee.

No. 23-5126
(D.C. Nos. 4:20-CV-00343-GKF-JFJ &
4:06-CR-00140-GKF-1)
(N.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **TYMKOVICH**, **EBEL**, and **PHILLIPS**, Circuit Judges.
_____

Relying on Federal Rule of Civil Procedure 60(b)(6), Michael Dewayne Bell filed

a motion seeking relief from the judgment that denied his earlier postconviction motion

under 28 U.S.C. § 2255.  The district court denied the purported Rule 60(b) motion in

part and dismissed it in part.  Mr. Bell now applies for a certificate of appealability to

appeal the district court's order.[1]  We deny his application and dismiss this matter.

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Mr. Bell represents himself, so we construe his filings liberally.  *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

### *Background*

Mr. Bell is serving two life sentences for crimes related to a 2006 bank robbery. The life sentences were mandatory under 18 U.S.C. § 3559(c)(1), colloquially known as a three-strikes law. The three-strikes law prescribes a life sentence for anyone convicted of a serious violent felony who has two prior convictions for serious violent felonies. *See* § 3559(c)(1)(A)(i). Mr. Bell had two prior state robbery convictions used as predicate convictions for the three-strikes law. *See United States v. Bell*, 290 F. App'x 178, 184 (10th Cir. 2008).

A few years ago we authorized Mr. Bell to file a second or successive § 2255 motion to challenge his convictions and sentence. The motion argued in part that his two robbery convictions do not qualify as predicate convictions for the three-strikes law. The district court dismissed the motion, and we denied a certificate of appealability.

Mr. Bell then filed the motion underlying these proceedings, citing Rule 60(b). He made two arguments:

- He claimed that a defect occurred in the § 2255 proceedings because the government did not respond to his argument that his state robbery convictions could not serve as predicate convictions for the three-strikes law. The district court concluded that this was a true Rule 60(b) argument. But the court denied it on the merits after concluding that, contrary to Mr. Bell's claim, the government had in fact responded to his § 2255 argument.

- He argued that his state robbery convictions could not serve as predicate convictions for the three-strikes law. The district court concluded that this argument amounted to an unauthorized second or successive § 2255 claim that should be dismissed for lack of jurisdiction.

And so the district court denied Mr. Bell's motion in part and dismissed it in part.[2]

### *Discussion*

Mr. Bell cannot appeal unless we grant a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(B). The district court resolved Mr. Bell's motion on procedural grounds. And so we can grant a certificate of appealability only if Mr. Bell shows that reasonable jurists would find it debatable whether the district court's procedural rulings were correct. *See Slack v. McDaniel*, 529 U.S. 473, 478 (2000).[3]

Mr. Bell has not met that standard. He appears to argue that the district court violated the principle of party presentation—that is, the principle that courts should normally decide only those questions presented by the parties, *see Greenlaw v. United States*, 554 U.S. 237, 243–44 (2008). But that principle has no bearing here because the district court addressed the issues raised in Mr. Bell's motion and nothing more.

Beyond Mr. Bell's misplaced reliance on the principle of party presentation, we discern no coherent challenge to the district court's analysis. He does not explain why

---

[2] In addition to filing the purported Rule 60(b) motion itself, Mr. Bell filed two motions to supplement it. The district court decided that the motions to supplement related to Mr. Bell's claim attacking his sentence on the merits. And because the district court had dismissed that claim for lack of jurisdiction, it concluded that the motions to supplement were moot. Mr. Bell makes no argument against the district court's ruling on the motions to supplement, so he has waived any such argument. *See Toevs v. Reid*, 685 F.3d 903, 911 (10th Cir. 2012).

[3] Before we could grant a certificate of appealability, Mr. Bell would also have to show that reasonable jurists could debate whether he stated a "valid claim of the denial of a constitutional right." *Slack*, 529 U.S. at 478. We need not address the constitutional issue, however, because he fails to show that the district court's procedural rulings are debatable. *See id.* at 485.

the district court erred when it concluded that the government had in fact addressed his § 2255 claim in earlier proceedings. Nor does he dispute that his substantive attack against his sentence was an unauthorized second or successive § 2255 claim that the district court lacked jurisdiction to hear. *See In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008). In short, he has failed to show that reasonable jurists could debate the district court's rulings.

### *Disposition*

We deny Mr. Bell's application for a certificate of appealability. We dismiss this matter.

Entered for the Court

CHRISTOPHER M. WOLPERT, Clerk