FILED
United States Court of Appeals
Tenth Circuit

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

**February 5, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

_____

BRIAN TYRONE SCOTT,

Petitioner - Appellant,

v.

CARRIE BRIDGES, Warden,

Respondent - Appellee.

No. 24-7089
(D.C. No. 6:22-CV-00277-RAW-DES)
(E.D. Okla.)

_____

## ORDER DENYING CERTIFICATE OF APPEALABILITY[*]
_____

Before **HARTZ**, **TYMKOVICH**, and **MATHESON**, Circuit Judges.
_____

Brian Tyrone Scott, an Oklahoma prisoner proceeding pro se, requests a certificate of appealability (COA) to appeal from (1) the district court's dismissal of his 28 U.S.C. § 2254 application for lack of jurisdiction to hear an unauthorized second or successive § 2254 application, and (2) its denial of his motion for reconsideration, which it construed as a Fed. R. Civ. P. 59(e) motion. We deny a COA and dismiss this matter.

Before he can appeal, Scott must obtain a COA. *See* 28 U.S.C. § 2253(c)(1)(A). To do so, he must make "a substantial showing of the denial of a constitutional right." § 2253(c)(2). The district court dismissed his § 2254 application and partially denied his

_____

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Rule 59(e) motion on a procedural ground—that the district court does not have jurisdiction to hear a second or successive § 2254 application without this court's prior authorization. *See* 28 U.S.C. § 2244(b)(3)(A); *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) (per curiam). For a COA, therefore, Scott must show reasonable jurists "would find it debatable" not only "whether the petition states a valid claim of the denial of a constitutional right," but also "whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

In seeking a COA, Scott focuses on his challenges to his Oklahoma convictions. He does not address the district court's determination that it could not entertain unauthorized second or successive § 2254 claims. He thus fails to show that reasonable jurists would debate the district court's procedural ruling.

We deny the request for a COA and dismiss this matter.

Entered for the Court

CHRISTOPHER M. WOLPERT, Clerk