FILED
United States Court of Appeals
Tenth Circuit

**July 23, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

RICKEY WHITE,

    Petitioner - Appellant,

v.

STATE OF OKLAHOMA,

    Respondent - Appellee.

No. 25-7032
(D.C. No. 6:24-CV-00441-JFH-DES)
(E.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **HOLMES**, Chief Judge, **TYMKOVICH** and **McHUGH**, Circuit Judges.
_____

Rickey White is an Oklahoma state prisoner serving a life sentence for first-degree murder. He commenced a pro se action in federal court by filing a Petition for Writ of Prohibition and/or Mandamus and naming the State of Oklahoma as the sole defendant. In his petition he asked the district court to require Oklahoma to dismiss the first-degree murder charge against him. The district court sua sponte dismissed the petition for lack of jurisdiction, concluding: (1) there is no federal subject matter jurisdiction over the action based on 28 U.S.C. § 1331 or § 1332; (2) even if the petition could be liberally construed as a mandamus petition under 28 U.S.C. § 1361, that statute does not confer

_____

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

jurisdiction on a federal court where a petitioner seeks a writ of mandamus compelling state action; and (3) even if the petition could be liberally construed as a habeas petition under 28 U.S.C. § 2254, the court lacks jurisdiction to consider it because it is an unauthorized second or successive habeas petition.

Liberally construing Mr. White's pro se filing in this court,[1] he appears to be seeking a certificate of appealability (COA) to challenge the portion of the district court's order dismissing his petition for lack of jurisdiction as an unauthorized second or successive § 2254 habeas petition.[2] To obtain a COA where, as here, a district court has dismissed a filing on procedural grounds, he must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). We need not address the constitutional question if we conclude that reasonable jurists would not debate the district court's resolution of the procedural issue. *Id.* at 485.

A state prisoner, like Mr. White, may not file a second or successive § 2254 habeas petition unless he first obtains an order from this court authorizing the district

---

[1] We liberally construe pro se filings. *See Licon v. Ledezma*, 638 F.3d 1303, 1305-06 (10th Cir. 2011).

[2] Mr. White does not address the district court's other jurisdictional rulings: that the action cannot proceed in federal court because there is no subject matter jurisdiction under § 1331 or § 1332 and that there is no jurisdiction to issue a writ of mandamus to compel state action under § 1361. He has therefore waived any challenges to those rulings. *See Platt v. Winnebago Indus., Inc.*, 960 F.3d 1264, 1271 (10th Cir. 2020) (10th Cir. 2019) ("[A] failure to raise an issue in an opening brief waives that issue." (internal quotation marks omitted)).

court to consider the petition. 28 U.S.C. § 2244(b)(3)(A). Absent such authorization, a district court lacks jurisdiction to address the merits of a second or successive § 2254 habeas petition. *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008).

The district court explained that a review of its records showed Mr. White had previously filed numerous § 2254 habeas petitions challenging his conviction. The court determined that if it construed the petition he filed as a § 2254 habeas petition, the petition would be successive. And the court observed Mr. White had not obtained authorization to file a successive habeas petition. Given these circumstances, the court concluded it lacked jurisdiction to consider the merits of Mr. White's unauthorized successive § 2254 habeas petition.

Although he states the district court made an "error," Mr. White does not address the district court's procedural ruling. COA Appl. at 2, 3. Instead, he challenges the validity of his underlying conviction based on an allegedly unlawful arrest. He does not dispute he filed a successive § 2254 habeas petition without authorization or otherwise discuss the district court's reasoning. He has therefore failed to show jurists of reason would debate the correctness of the district court's procedural ruling dismissing his unauthorized successive § 2254 habeas petition for lack of jurisdiction.

Accordingly, we deny a COA and dismiss this matter.  We grant Mr. White's

motion for leave to proceed without prepayment of costs or fees.[3]

> Entered for the Court
>
> CHRISTOPHER M. WOLPERT, Clerk

---

[3] Mr. White also requests an order from this court authorizing the district court to consider his second or successive habeas petition.  *See* COA Appl. at 2.  We note he has unsuccessfully sought authorization to file a successive habeas petition on more than twenty occasions.  Because he seeks authorization based on an argument that is substantially similar to an argument presented in one or more of his prior motions for authorization filed before December 2020, we dismiss his request pursuant to the directive in *In re White*, No. 20-7068 (10th Cir. Dec. 2, 2020).