**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 9, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

DEXTER LEEMON JOHNSON,

    Petitioner - Appellant,

v.

RANDY HARDING,

    Respondent - Appellee.

No. 24-5048
(D.C. No. 4:24-CV-00097-GKF-MTS)
(N.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **PHILLIPS**, **CARSON**, and **FEDERICO**, Circuit Judges.
_____

Dexter Leemon Johnson, an Oklahoma prisoner proceeding pro se, seeks a

certificate of appealability (COA) to appeal from the district court's order dismissing his

third 28 U.S.C. § 2254 habeas petition for lack of jurisdiction as an unauthorized

successive petition.  We deny a COA and dismiss this matter.

An Oklahoma jury found Mr. Johnson guilty of shooting with intent to kill.  The

Oklahoma Court of Criminal Appeals affirmed his conviction.  Mr. Johnson filed his first

§ 2254 habeas petition in 2002 in the Eastern District of Oklahoma.  The district court

dismissed the petition as time-barred.  He did not appeal the district court's decision.

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

In 2010, Mr. Johnson filed a second § 2254 habeas petition in the Eastern District of Oklahoma, which the district court dismissed as an unauthorized second or successive habeas petition.

In March 2024, Mr. Johnson initiated an action in the Northern District of Oklahoma by filing a "Motion for Relief from Judgment Pursuant to FRCP 60(b)(4)." R. at 4. In that filing, Mr. Johnson asserted that he was challenging his state conviction and argued it should be vacated. The district court dismissed that motion, explaining that a Rule 60(b)(4) motion "is not the proper procedural vehicle for a state prisoner to initiate an action challenging the lawfulness of his or her state criminal judgment." R. at 71. The court, however, gave Mr. Johnson leave to file a § 2254 habeas petition.

Mr. Johnson then filed his third § 2254 habeas petition. The district court dismissed that petition as an unauthorized second or successive habeas petition. Mr. Johnson now seeks a COA to appeal from the district court's dismissal order.

To obtain a COA where, as here, a district court has dismissed a filing on procedural grounds, Mr. Johnson must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). We need not address the constitutional question if we conclude that reasonable jurists would not debate the district court's resolution of the procedural one. *Id.* at 485.

A state prisoner, like Mr. Johnson, may not file a second or successive § 2254 habeas petition unless he first obtains an order from this court authorizing the district

2

court to consider the petition. 28 U.S.C. § 2244(b)(3)(A). Absent such authorization, a district court lacks jurisdiction to address the merits of a second or successive § 2254 habeas petition. *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008).

Mr. Johnson argues the district court denied him "due process by arbitrarily amending and repealing operation of FRCP 60(b)(4)," COA App. at 5 (capitalization in original omitted), exceeded its jurisdiction by granting itself authority to consider a successive § 2254, and abused its discretion by failing to transfer his unauthorized § 2254 habeas petition to this court.[1] He also argues that all Oklahoma laws are void and his conviction constitutes a denial of due process.

But none of these arguments address the district court's dispositive procedural ruling, and Mr. Johnson does not dispute he filed a successive § 2254 habeas petition without authorization from this court. Because Mr. Johnson has failed to show that jurists of reason would debate the correctness of the district court's procedural ruling dismissing his unauthorized successive § 2254 habeas petition for lack of jurisdiction, we deny a COA and dismiss this matter. We grant Mr. Johnson's motion for leave to proceed without prepayment of costs or fees.

Entered for the Court

CHRISTOPHER M. WOLPERT, Clerk

---

[1] The district court explained that transferring the habeas petition to this court was not appropriate because the current petition, "like Johnson's first and second petitions, appears to be barred by the statute of limitations." R. at 167. We see no abuse of discretion in the district court's decision not to transfer Mr. Johnson's unauthorized successive habeas petition to this court.