**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

DARRELL WAYNE YOUNG,

    Petitioner - Appellant,

v.

WYOMING DEPARTMENT OF
CORRECTIONS MEDIUM
CORRECTIONAL INSTITUTION
WARDEN, in his official capacity, a/k/a
Seth Norris; WYOMING ATTORNEY
GENERAL,

    Respondents - Appellees.

No. 24-8083
(D.C. No. 1:24-CV-00208-SWS)
(D. Wyo.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **TYMKOVICH**, **KELLY**, and **CARSON**, Circuit Judges.
_____

A "state prisoner always gets one chance to bring a federal habeas challenge to his conviction." *Banister v. Davis*, 590 U.S. 504, 509 (2020). But he generally cannot bring a second or successive habeas challenge unless he obtains prior authorization from the appropriate court of appeals. *See* 28 U.S.C. § 2244(b)(3)(A). If a prisoner files a second or successive habeas application without first obtaining authorization, the district court lacks jurisdiction to hear it. *See In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008).

_____

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Darrell Wayne Young filed a 28 U.S.C. § 2254 habeas application challenging his Wyoming convictions. The district court concluded the application was both unauthorized and second or successive, and it dismissed the application for lack of jurisdiction.

Mr. Young seeks to appeal. But he cannot appeal unless we issue a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A). Because the district court dismissed his habeas application for a procedural reason, we may issue a certificate of appealability only if he shows that reasonable jurists could debate both whether his application stated a valid constitutional claim and whether the district court's procedural ruling was correct. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). We need consider only the procedural ruling. *See id.* at 485.

Mr. Young disputes neither that his habeas application was second or successive nor that he lacked our authorization to file it. Those two points establish that the district court lacked jurisdiction to adjudicate the application. *See Cline*, 531 F.3d at 1251. And so the district court had two options—dismiss the application or transfer it to us if a transfer would serve the interest of justice. *See id.* at 1252; 28 U.S.C. § 1631.

In deciding a transfer would not serve the interest of justice, the district court considered several factors. Two factors weighing against a transfer, the court said, were that Mr. Young's claims were time barred and unlikely to be saved by equitable tolling.

Mr. Young devotes his entire application for a certificate of appealability to an argument that he should receive equitable tolling because of his "mental deficiency." Appl. for Certificate of Appealability at 6. We take Mr. Young to argue that the district

court abused its discretion when it decided to dismiss his habeas application rather than transfer it to us.[1]

But Mr. Young failed to present to the district court the information he has given us about his mental capacities. And we generally limit our review "to the record that was before the district court when it made its decision." *Regan-Touhy v. Walgreen Co.*, 526 F.3d 641, 648 (10th Cir. 2008). Given the information before the district court, reasonable jurists could not debate the court's decision to dismiss Mr. Young's habeas application rather than transfer it to us.

\*      \*      \*

We deny Mr. Young's application for a certificate of appealability. We dismiss this matter.

Entered for the Court

CHRISTOPHER M. WOLPERT, Clerk

---

[1] Mr. Young represents himself, so we construe his filings liberally. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). We note that he appears to misunderstand the district court's ruling. He says, for example, that the district court dismissed his application "for violation of the 2244(d) one-year statute of limitations." Appl. for Certificate of Appealability at viii. That is incorrect. The district court dismissed his application because it was second or successive and he lacked prior authorization to file it. The court considered the statute of limitations only to decide whether to dismiss the application or transfer it.