**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 17, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

LAVONTE JOHNSON,

    Petitioner - Appellant,

v.

STEVEN HARPE,

    Respondent - Appellee.

No. 25-6123
(D.C. No. 5:24-CV-01149-J)
(W.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **EID**, **KELLY**, and **CARSON**, Circuit Judges.
_____

Petitioner-Appellant Lavonte Johnson, a state prisoner appearing pro se, seeks a certificate of appealability ("COA") allowing him to appeal the denial of his November 2024 petition for a writ of habeas corpus, brought pursuant to 28 U.S.C. § 2254.  Because we determine that the district court lacked jurisdiction over Mr. Johnson's second or successive petition, we deny authorization to file a second or successive habeas petition, deny a COA, and instruct the district court to vacate its orders.

To obtain a COA, Mr. Johnson must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right

_____

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Background

In May 2014, Mr. Johnson was convicted of using a vehicle to facilitate the intentional discharge of a firearm and received a five-year deferred sentence. In March 2018, his sentence was accelerated for failing to comply with the terms of the deferred sentence based upon new offenses, resulting in a sentence of 27 years' imprisonment. In May 2020, Mr. Johnson filed a federal habeas petition claiming in part that that his plea was involuntary and he received ineffective assistance of counsel. The district court denied the petition and this court denied a COA in his counseled appeal. See Johnson v. Crowe, No. 21-6093, 2022 WL 97080, at *4 (10th Cir. 2022).

In November 2024, Mr. Johnson filed the instant petition, claiming that counsel entered the plea without him being present or his consent. He alleged a denial of due process and ineffective assistance of counsel and that he was actually innocent. On screening, the district court determined that the petition was untimely given a one-year limitation period, 28 U.S.C. § 2244(d)(1)(A). It further determined that the petition was not saved by statutory or equitable tolling. The district court rejected Mr. Johnson's contention of actual innocence which might excuse the untimeliness. R. 198–200. The court raised the timeliness issue sua sponte and gave Mr. Johnson an opportunity to respond to its preliminary determination. See Day v. McDonough, 547 U.S. 198, 210–11 (2006). No evidentiary hearing was held.

<u>Discussion</u>

Neither the magistrate judge nor the district court mentioned Mr. Johnson's first federal habeas petition.  In order for the district court to have jurisdiction over a second or successive habeas corpus application, this court must grant a COA authorizing the district court to consider it.[1]  28 U.S.C. § 2244(b)(3)(A); <u>Panetti v. Quarterman</u>, 551 U.S. 930, 942, 947 (2007); <u>see</u> <u>In re Cline</u>, 531 F.3d 1249, 1251–52 (10th Cir. 2008).  To secure such authorization, the petitioner must demonstrate that the new claim he seeks to raise is based on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," 28 U.S.C. § 2244(b)(2)(A), or that "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence" and "the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense," <u>id.</u> § 2244(b)(2)(B). We note that the one-year limitation period of § 2244(d)(1) on actual innocence claims runs from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."  28 U.S.C. § 2244(d)(1)(D); <u>McQuiggin v. Perkins</u>, 569 U.S. 383, 388–89 (2013).  We conclude that Mr. Johnson cannot make these showings.

---

[1] We have allowed district courts to summarily deny a COA on procedural grounds without referencing the authorization requirement where the jurisdictional bar would preclude relief.  <u>United States v. Springer</u>, 875 F.3d 968, 983 (10th Cir. 2017).

In evaluating actual innocence claims, a court considers all of the evidence and its likely effect on a jury. House v. Bell, 547 U.S. 518, 538–39 (2006). The actual innocence standard is demanding and review is reserved for the extraordinary case. Id. at 538. A petitioner must come forward with "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." Schulp v. Delo, 513 U.S. 298, 324 (1995). A court may consider unexplained delay in presenting the new evidence. McQuiggin, 569 U.S. at 399. Finally, actual innocence means "factual innocence" not mere legal insufficiency. Bousley v. United States, 523 U.S. 614, 623–24 (1998).

Mr. Johnson was charged with Edward Lynch with using a vehicle to facilitate the intentional discharge of a firearm under Okla. Stat. tit. 21, § 652. I R. 25. Specifically, the firing of a handgun in the direction of two persons after travelling to 6452 West Wilshire in a 2003 Pontiac and leaving the scene in the same vehicle. Id. Mr. Johnson relies upon two statements from claimed eyewitnesses (Zaquitta Bible and Shaquante Elix) that the offenses he was charged with did not occur or did not involve him. I R. 20–24; 162;165–66. Mr. Johnson claims that (1) he learned of this from his sister and (2) the witnesses were told that they were not needed because of Mr. Johnson's plea. I R. 22. Ms. Bible states that Mr. Johnson was at her residence at 6454 West Wilshire, apt. B and that a firearm was discharged and Mr. Johnson then left to another apartment (where he was arrested) in order to de-escalate the situation. Id. at 23. Ms. Elix's statement is similar and she maintains that, although the group was outside and an "altercation" occurred, the drive by shooting never occurred. Id. at 24. Mr. Johnson later added the

4

statement of the victim that Mr. Edwards was standing two feet outside Mr. Johnson's Pontiac when Mr. Edwards fired a single shot and Mr. Johnson told him to get into the car and then they drove off followed by two females in a separate vehicle. I R. 192.

In describing the factual basis in the "Plea of Guilty Summary of Facts" which Mr. Johnson signed while under oath, the following appears: "In Oklahoma County, on or about 3-18-14, I purposely drove a car and allowed Edward Lynch to shoot out of the car while I was driving." I R. 93–94. This seriously undercuts Mr. Johnson's evidence, notwithstanding his challenges to virtually every aspect of counsels' representation. See Doe v. Menefee, 391 F.3d 147, 173 (2d Cir. 2004) (noting "presumptions favoring the veracity of a defendant's sworn plea of guilty" and the necessity of focusing on reliability of the evidence when a recantation is involved). Moreover, although Mr. Johnson has engaged in voluminous post-conviction proceedings including the voluntariness of his plea, this version is relatively recent.

Moreover, the information is not new. Mr. Johnson claimed counsel was ineffective because of the presence of defense witnesses (at least, Ms. Bible and Ms. Elix) that would testify in his favor, strongly suggesting that the evidence was available in 2014.[2] I R. 5, 26, 37, 39; see also id. at 165–66. The witnesses are listed in the information. Id. at 26. We agree with the magistrate judge that the statements "are based on contemporaneous events by witnesses to the events as they unfolded on March 18,

---

[2] This claim was presented and rejected in plea withdrawal proceedings in state district court based on state procedural bar. I R. 138–39.

2014." Id. at 180.  In any event, the evidence cannot be described as having become available only subsequent to trial or wrongly excluded.  See Schulp, 513 U.S. at 330.

WE DENY Mr. Johnson's request for a COA, DENY authorization to file a second or successive § 2254 habeas petition, and REMAND to the district court with instructions to vacate its orders relating to this second or successive habeas petition.

Entered for the Court


Per Curiam