**FILED**
**United States Court of Appeals**
**Tenth Circuit**

## UNITED STATES COURT OF APPEALS

### FOR THE TENTH CIRCUIT

**February 10, 2026**

_____

**Christopher M. Wolpert**
**Clerk of Court**

ROBERT G. JOHNSON,

    Petitioner - Appellant,

v.

MARGARET GREEN, Warden,

    Respondent - Appellee.

No. 25-6165
(D.C. No. 5:25-CV-00365-G)
(W.D. Okla.)

_____

### ORDER DENYING CERTIFICATE OF APPEALABILITY[*]
_____

Before **McHUGH**, **KELLY**, and **MORITZ**, Circuit Judges.
_____

Robert Grady Johnson, proceeding pro se, seeks a certificate of appealability (COA) to appeal from the district court's dismissal of his 28 U.S.C. § 2254 habeas petition for lack of jurisdiction. We deny a COA and dismiss this matter.

An Oklahoma jury convicted Johnson of eight offenses: four counts of first-degree murder, three counts of shooting with intent to kill, and one count of attempted shooting with intent to kill. He was sentenced to four life sentences for the murder convictions, three twenty-year sentences for the shooting with intent to kill convictions, and a ten-year sentence for the attempted shooting conviction. The

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Oklahoma Court of Criminal Appeals affirmed his convictions and sentences on direct appeal.

In 2004, he filed a § 2254 habeas petition, which the district court denied on the merits, and this court denied a COA. In 2025, he filed another § 2254 habeas petition. The district court dismissed it for lack of jurisdiction because it was an unauthorized second or successive habeas petition. Johnson now seeks a COA to appeal from the district court's dismissal order.

To obtain a COA where, as here, a district court has dismissed a filing on procedural grounds, Johnson must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). We need not address the constitutional question if we conclude that reasonable jurists would not debate the district court's resolution of the procedural issue. *Id.* at 485.

A state prisoner, like Johnson, may not file a second or successive § 2254 petition unless he first obtains an order from this court authorizing the district court to consider the petition. 28 U.S.C. §§ 2244(b)(3)(A). Absent such authorization, a district court lacks jurisdiction to address the merits of a second or successive § 2254 petition. *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008).

Johnson does not address the district court's dispositive procedural ruling in his COA application, other than to assert that the court abused its discretion by dismissing rather than transferring the petition to this court for authorization. He contends that

2

dismissing his petition deprived him of an opportunity to have his new evidence considered, but that is not accurate. Even without a transfer from the district court, Johnson may move for authorization in this court to file a successive § 2254 habeas petition.

Johnson spends the rest of his COA application arguing he has new evidence of actual innocence, but he does not dispute he filed a successive § 2254 habeas petition without authorization. He has therefore failed to show jurists of reason would debate the correctness of the district court's procedural ruling dismissing his unauthorized successive § 2254 habeas petition for lack of jurisdiction. Accordingly, we deny a COA and dismiss this matter.

Entered for the Court

Per Curium